681 A.2d 1348

**COMMONWEALTH of Pennsylvania**

v.

**Dean L. MYERS, Sr., Appellant.**

**COMMONWEALTH of Pennsylvania, Appellant**

v.

**Deborah Ann MYERS.**

Superior Court of Pennsylvania.

Argued June 11, 1996.

Filed July 22, 1996.

300

Darrell C. Dethlefs, Camp Hill, for Dean L. Myers, Sr.

Michael D. Rentschler, Camp Hill, for Deborah A. Myers.

Mary B. Seiverling, Deputy Attorney General, Harrisburg, for the Com.

Before TAMILIA, JOHNSON and MONTEMURO,* JJ.

TAMILIA, Judge.

These consolidated appeals arise from the drug trafficking convictions of Dean and Deborah Myers, husband and wife. Following a joint jury trial, Dean Myers was convicted of four counts of possession with intent to deliver a controlled substance [1] and one count of criminal conspiracy,[2] and Deborah Myers was convicted of one count of possession with intent to

---

* Retired Justice assigned to the Superior Court.

1.  35 P.S. § 780–113(a)(30).

2.  18 Pa.C.S. § 903.

deliver a controlled substance and one count of criminal conspiracy. The convictions arose from the same set of facts, which are set forth by the trial court as follows.

The evidence at trial indicated that, on March 16, 1994, agents from the Tri–County Drug Task Force and agents from the Pennsylvania Office of the Attorney General were in the process of investigating a marijuana trafficking oper- ation. In the course of their investigation, the officers received notice that the [Myerses, subjects] of the drug investigation, [were] proceeding toward 702 State Street in the borough of Lemoyne. The police proceeded to 702 State Street and observed the [Myerses] as they arrived in a a Budget Rent–A–Van.

After the [Myerses'] van stopped, the police approached, identified themselves, and explained that they were investi- gating the [Myerses'] involvement in the transportation of marijuana from California to central Pennsylvania. In addi- tion, the police administered *Miranda* warnings. After receiving these warnings, Dean and Deborah Myers both indicated that the van contained marijuana. [Dean Myers] also informed the police that he had been conducting his own investigation and was trying to identify major marijua- na traffickers who were supplying marijuana to his son. [Dean Myers] further stated that he wished to relay addi- tional information, but requested that he leave his residence at 702 State Street because he feared being overheard by other occupants of the home.

Pursuant to this request, the police transported [Dean Myers] to the Lemoyne police department, and Deborah Myers followed in the Budget Rent–A–Van. At the police station, the investigating officers conducted a joint interview of Dean and Deborah Myers. During this interview, Dean Myers indicated that, on the night in question, he had transported approximately thirty-three pounds of marijuana from California to central Pennsylvania. Myers also indi- cated that he had transferred approximately twenty pounds of the total thirty-three pounds to a nearby storage facility. In addition to these admissions, [Dean Myers] indicated

that, prior to his apprehension for this incident, he had travelled to California and had returned to central Pennsylvania with various quantities of marijuana, ranging in weight from 20.5 to 33.25 pounds. Finally, during the course of this interview, [Dean Myers] consented to a police search of the Budget Rent–A–Van.

As a result of the receipt of this information, Officer Diller, an agent from the Office of the Attorney General, obtained a search warrant to recover the marijuana allegedly located at the storage facility. Upon execution of the warrant, officers discovered a large, black storage container smelling strongly of marijuana, but otherwise empty. The officers were not successful in recovering any quantity of the drug.

While Agent Diller was executing the warrant for the storage facility, Officer Troutner, another agent from the Office of the Attorney General, conducted a search of the Budget Rent–A–Van. The search of the van revealed what appeared to be several wrapped Christmas gifts. In the course of the search, Mrs. Myers, who was present throughout the search, identified a large, gift-wrapped box and indicated that the box contained marijuana. When the investigating officers opened the package, they discovered vegetable material surrounded with contact paper. Under the contact paper were layers of black pepper and baking soda. Preliminary field testing on the vegetable substance revealed the package contained marijuana.

In addition to the testing performed at the scene of the Budget Rent–A–Van search, the vegetable material was subjected to testing at the Pennsylvania State Police Lab in Harrisburg [which confirmed that the vegetable substance was marijuana].

(Slip Ops. [in both cases], Hoffer, J., 10/2/95, pp. 1–4; citations and footnote omitted.)

At this point, the facts of the cases diverge and we return to the trial court's recitation as relevant to Dean and Deborah Myers, separately:

In light of the previously mentioned scientific evidence and self-inculpatory statements, [Dean Myers] was charged with four counts of possession with the intent to deliver a Schedule I controlled substance. Count A–I arose from the March 16 incident and involved the marijuana found in the Budget Rent–A–Van and the marijuana placed in the storage shed. Counts A–II, A–III, and A–IV arose from [Dean Myers's] inculpatory statements, elicited during the interview at the Lemoyne Police Department, indicating that, on at least three previous occasions, he had travelled to California and had returned to central Pennsylvania with various quantities of marijuana. Finally, [Dean Myers] was charged with one count of criminal conspiracy.

On March 27, 1995, a jury trial commenced in this matter, and the Commonwealth filed a notice of mandatory sentence with regard to Counts A–I through A–IV. On March 28, 1995, the jury found [Dean Myers] guilty on all counts, and on April 24, 1995, [he] appeared for sentencing. With regard to Count A–I, this Court found that, on March 16, 1995, [Dean Myers] transported a quantity in excess of ten pounds of marijuana into Pennsylvania. Having found that the quantity of contraband in question exceeded ten pounds, this Court, in accordance with the mandatory sentencing procedures set forth in 18 Pa.C.S.A. § 7508(a)(1)(ii), sentenced [Dean Myers] to imprisonment in the State Correctional Institution for a period of not less than three years nor more than five years. With regard to Counts A–II through A–IV, this Court again imposed the mandatory minimum, and again sentenced [Dean Myers] to a period of incarceration of not less than three years nor more than five years. The sentencing order indicates that these sentences were to run concurrently.

(Slip Op. at 4–6; citations omitted.)

As to Deborah Myers, the trial court stated as follows:

Deborah Myers was charged with one count of possession with the intent to deliver a controlled substance and one count of criminal conspiracy. On March 27, 1995, a jury trial commenced in this matter, and the Commonwealth filed a notice of mandatory sentence with regard to the

possession with intent to deliver charge. On March 28, 1995, the jury found [Deborah Myers] guilty on both counts, and on June 20, 1995, [she] appeared for sentencing.

With regard to the possession count, this Court sentenced [Deborah Myers] to undergo imprisonment in a State Correctional Institution for a period of not less than one year nor more than five years. This sentence constitutes the mandatory minimum with regard to the possession of two to ten pounds of marijuana.

(Slip Op. at 5; citations omitted.) Thus, although a similar factual predicate underlies the convictions in both cases, Dean Myers was sentenced to the mandatory minimum for possession of more than ten pounds of marijuana, while Deborah Myers was sentenced to the mandatory minimum for possession of two to ten pounds of marijuana.

On appeal, Dean Myers claims the record does not support the trial court's conclusion that he possessed in excess of ten pounds of marijuana. As to Deborah Myers, the Commonwealth appeals on the basis that the sentence was illegal because the record clearly demonstrated that Deborah Myers possessed at least ten pounds of marijuana and there was no evidence to support the sentencing court's finding that she possessed only two to ten pounds.

Since both appeals allege error in sentencing, we note initially that the Myerses were sentenced pursuant to the mandatory minimum sentence provisions of 18 Pa.C.S. § 7508, which provides in pertinent part:

§ 7508. **Drug trafficking sentencing and penalties**

(a) **General rule.**—Notwithstanding any other provisions of this or any other act to the contrary, the following provisions shall apply:

(1) A person who is convicted of violating section 13(a)(14), (30) or (37) of the April 14, 1972 (P.L. 233, No. 64), known as The Controlled Substance, Drug, Device and Cosmetic Act, where the controlled substance is marijuana shall, upon conviction, be sentenced to a mandatory minimum term of imprisonment and a fine as set forth in this subsection:

(i) when the amount of marijuana involved is at least two pounds, but less than ten pounds, or at least ten live plants but less than 21 live plants; one year in prison and a fine of $5,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity; however, if at the time of sentencing the defendant has been convicted of another drug trafficking offense: two years in prison and a fine of $10,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity;

(ii) when the amount of marijuana involved is at least ten pounds, but less than 50 pounds, or at least 21 live plants but less than 51 live plants; three years in prison and a fine of $15,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity; however, if at the time of sentencing the defendant has been convicted of another drug trafficking offense: four years in prison and a fine of $30,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity[.]

*Id.*

As to the stage of judicial proceedings at which the applicability of these provisions is determined, section 7508(b) states:

**(b) Proof of sentencing.**—Provisions of this section shall not be an element of the crime. Notice of the applicability of this section to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing. The court shall consider evidence presented at trial, shall afford the Commonwealth and the defendant an opportunity to present necessary additional evidence and shall determine, by a preponderance of the evidence, if this section is applicable.

*Id.*

In imposing sentence, the court's determination must not be disturbed absent a manifest abuse of discretion.

*Commonwealth v. Edrington,* 490 Pa. 251, 416 A.2d 455 (1980). An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, bias or ill will, as shown by the evidence of record, discretion is abused. *Commonwealth v. Jackson,* 336 Pa.Super. 609, 486 A.2d 431 (1984).

■ Turning first to Dean Myers's appeal, he claims that as to Count I (arising from the drugs recovered from the Rent–A–Van), the affidavit of probable cause indicated that the package seized contained only 4.5 pounds of marijuana, whereas the subsequent testing at the State Police laboratory revealed 10.04 pounds of marijuana. Thus, according to Myers, this conflict left the trial court without sufficient evidence to sentence Myers to the mandatory minimum for possession of more than ten pounds of marijuana under section 7508(a)(1)(ii). We reject this claim.

Our review of the record indicates that the Commonwealth established, well beyond the preponderance of evidence contemplated by section 7508(b), that Dean Myers possessed in excess of ten pounds of marijuana. At trial, the Commonwealth presented the testimony of Beverly Beshore–Strohm, a forensic scientist at the Pennsylvania State Police Lab in Harrisburg who has conducted more than ten thousand drug analyses, including the one at issue (N.T., 3/27/95, p. 34). She confirmed that the substance recovered from the Rent–A–Van driven by Myers was in fact marijuana (N.T. at 26, 28). Further, she testified that she utilized a Metler top-loading balance in order to determine that the marijuana weighed ten pounds and two-third ounces (N.T. at 23–25). As to the accuracy of the scale, Beshore–Strohm testified that it was "brand new basically" (N.T. at 35), and had been calibrated prior to every use with an internal calibrating device and on a yearly basis by the manufacturer. *Id.* Finally, she testified that even giving Myers the benefit of the scale's one-gram variation, the marijuana nonetheless weighed approximately ten pounds and eighteen grams (N.T. at 25.)

In his brief, Myers does not directly challenge this clear and convincing scientific testimony as to the amount of marijuana he possessed. Rather, he suggests that the amount of drugs somehow increased by the time they "were turned over to the Pennsylvania State Police Laboratory, [which] indicated that the drugs seized weighed ... right over the ten pound limit which would subject the defendant to a mandatory sentence." (Appellant's brief, p. 6.) Appellant does not advance this suggestion any further, other than to note "it is reasonable to infer that the physical weight of evidence—especially that of drugs seized—would be a 'condition' that must be unimpaired when surrendered to the court." (Appellant's brief at 8.) We reject this thinly-veiled and completely unsupported allegation of police tampering.

The 4.5 pounds of marijuana indicated on the affidavit of probable cause was based solely on what Myers had told police he thought was the weight of the package (N.T. at 117). In fact, as is often the case, the officer who obtained the warrant had not even seen the package at the time he sought the warrant. *Id.* Myers's erroneous guess may not now serve to undermine competent, scientific evidence that the marijuana weighed in excess of ten pounds, much less support an allegation of police or prosecutorial misconduct.[3] Particularly in conjunction with Myers's admission that the package seized was part of 33.25 pounds of marijuana he imported from California, the scientific evidence presented was clearly sufficient to support sentencing under section 7508(a)(1)(ii). Dean Myers's first claim fails.

Next, Myers claims the evidence as to the weight of the marijuana was insufficient to support the concurrent mandatory sentences imposed on Counts II–IV, which were based upon his admission that on three prior occasions he transport-

---

**3.** While Myers does not offer any evidence in support of his allegation, we note that the chain of custody was clearly established at trial via the testimony of Agent Henry Troutner, who seized the marijuana (N.T. at 55), Agent Ronald Diller, who delivered the marijuana for testing (N.T. at 114), and Miss Beshore–Strohm, who analyzed the marijuana (N.T. at 18). This testimony indicates that the marijuana was at all times properly secured and accounted for.

ed marijuana from California.[4] The sum of his argument on this point, appearing in the Conclusion section of his brief, reads as follows:

> For Counts II, III, and IV, no marijuana was ever seen, seized, weighed, or otherwise tested by the Commonwealth. The only evidence of this alleged marijuana at issue in these three counts was elicited through the testimony of witnesses at trial, and through Defendant's testimony of what he was told existed. Defendant had no independent knowledge of the weight of this alleged marijuana.

(Appellant's brief at 10.) This claim also fails.

Initially, we reject Myers's claim that drugs must be "seen, seized, weighed or otherwise tested" before their weight can be established under section 7508.[5] Here, Myers not only admitted to the precise amount of marijuana underlying Counts II–IV, but the conspiracy to import that marijuana was clearly established by independent evidence at trial, including storage receipts and shipping records in the name of Myers's supplier in California and the fictitious business name used by Myers. The dates on these receipts and records also correspond to the dates on which Myers admittedly transported the drugs from California. Keeping in mind the lower preponderance of the evidence standard utilized under the mandatory sentencing guidelines, we find the court did not abuse its discretion in imposing sentences under Counts II–IV consistent with the amount of marijuana admittedly transported by Myers, where that transportation was established by independent evidence at trial. Thus, the argument is without merit.

4. Myers does not challenge the introduction of his admission at trial. The admission indicated that on three previous occasions, between the winters of 1993 and 1994, Myers had transported into Pennsylvania 30 pounds, 20.5 pounds and 26.5 pounds of marijuana, respectively (N.T. at 93–95).

5. Although we have found no case applying the principle to the weight of illegal drugs, it is clear that the identity of drugs may be established by circumstantial evidence, without chemical analysis. *See e.g. Commonwealth v. Stasiak*, 305 Pa.Super. 257, 451 A.2d 520 (1982); *Commonwealth v. Leskovic*, 227 Pa.Super. 565, 307 A.2d 357 (1973); *Commonwealth v. Aikens*, 179 Pa.Super. 501, 118 A.2d 205 (1955).

■ Turning to the issues concerning Deborah Myers, we note the Commonwealth's claim that the sentencing court erred in failing to impose sentence upon Mrs. Myers consistent with possession in excess of ten pounds of marijuana. Applying the abuse of discretion and preponderance of the evidence standards set forth above, we agree with the Commonwealth. The evidence of record simply does not support the sentencing court's finding that Mrs. Myers possessed less than ten pounds of marijuana. Initially, it must be remembered that the possession charge against Mrs. Myers "was limited to the contraband discovered in the Budget Rent–A– Van" (Slip Op. at 6), namely, the single gift-wrapped package containing marijuana which was subsequently determined to weight 10.04 pounds. In her trial testimony, Mrs. Myers not only denied involvement in her husband's drug operation (N.T. at 187), but also repeatedly and emphatically denied any knowledge of the contents of the package (N.T. at 181–182, 190–206). To the contrary, Officers Henry Troutner, Ronald Diller and James Heck all testified that Mrs. Myers directed them to the package and admitted it contained marijuana long before it was even opened (N.T. at 54, 87, 215).[6]

This conflicting testimony was ultimately resolved by the jury against Mrs. Myers. Had the jury believed her testimony that she knew nothing of either the drug operation or the presence of marijuana, it could not have convicted her of possession or conspiracy. Thus, the question of whether or not Mrs. Myers was an unwitting bystander to crimes committed by her husband or a full participant was fairly and finally adjudicated against her by the finder of fact at trial. In short, Mrs. Myers either did or did not possess the gift-wrapped package and since the jury found as a matter of fact that she did, the court at sentencing may not disregard this adjudicated fact in order to fashion a more lenient sentence than that required by the evidence presented. 18 Pa.C.S. § 7508(b). ("The [sentencing] court shall consider evidence presented at

6. The diametric opposition of this conflicting testimony was further emphasized when, on cross-examination, Mrs. Myers repeatedly accused the officers of "lying." (N.T. at 190, 193, 195, 196, 205.)

trial, shall afford the Commonwealth and the defendant an opportunity to present necessary additional evidence and shall determine, by a preponderance of the evidence if this section is applicable.")

As noted above, Ms. Beshore–Strohm testified in detail at trial as to the methods used in determining that the marijuana contained in the package that Mrs. Myers was convicted of possessing weighed 10.04 pounds. Ms. Beshore–Strohm stated that the scale in question was infrequently used and "brand new basically." (N.T. at 35.) She further testified that the scale was calibrated prior to every use by means of an internal calibrating device and also calibrated yearly by the manufacturer. *Id.* Finally, she stated that even giving Mrs. Myers the benefit of the scale's one-gram variation, the drugs still weighed no less than 18 grams over 10 pounds (N.T. at 25). Standing against this clear and convincing testimony was the fact, elicited on cross-examination by Mrs. Myers's counsel, that Ms. Beshore–Strohm did not also place a known weight on the scale to again verify its accuracy (N.T. at 38). Nothing else as to the accuracy of the scale was introduced by the defense.

At sentencing, the extent of defense counsel's argument as to the accuracy of the scale was as follows:

> There was testimony concerning the weight scale that was used. I do not believe that it was calibrated.

(N.T., 6/20/95, p. 4.) The prosecutor responded by recalling Ms. Beshore–Strohm's testimony and noted that the scale's variation did not reduce the amount of marijuana to under ten pounds (N.T. at 5). Nonetheless, the sentencing court held as follows:

> The district attorney is asking for a mandatory sentence because the weight of the marijuana just edges the scale over ten pounds. I'm going to give you the benefit of the doubt on that, and whatever happens, happens.

(N.T. at 11.) The court then sentenced Mrs. Myers consistent with possession of two to ten pounds of marijuana under section 7508(a)(1)(i).

Clearly, the mandatory sentencing guidelines, by imposing a preponderance of the evidence standard, preclude a sentencing court from granting a defendant "the benefit of the doubt" in the absence of any evidence justifying that doubt. Mrs. Myers's counsel offered no evidence that the scale used by Ms. Beshore–Strohm was defective, other than to suggest an additional method of verifying the accuracy of the scale. The sentencing court's finding that this suggestion, standing against the clear, convincing and thorough testimony of Ms. Beshore–Strohm, constituted a preponderance of the evidence, operated to override and misapply the evidentiary standard of the mandatory sentencing guidelines. We are simply unable to agree that defense counsel's unpersuasive suggestion that Ms. Beshore–Strohm failed to utilize a redundant method of calibration outweighed the ample testimony supporting the Commonwealth's case. Thus, the sentencing court abused its discretion in failing to impose sentence consistent with the preponderance of the evidence presented at trial and sentencing.

Finally, it must be reemphasized that Mrs. Myers was convicted of possessing a single, gift-wrapped package of marijuana which was subsequently determined to weigh in excess of ten pounds. Since the package as seized was not capable of apportionment, Mrs. Myers either possessed the entire package or she did not and, in light of the jury's verdict, the sentencing court erred in redetermining that she possessed only two to ten pounds, and not the entire 10.04 pounds of the package. Our conclusion is supported by relevant case law.

For instance, in *Commonwealth v. Jones*, 413 Pa.Super. 482, 605 A.2d 825 (1992), appellee was convicted of possession with intent to deliver following the recovery of 26.401 grams of cocaine from her home. Based on the fact that she possessed in excess of 10 grams, appellee was originally sentenced to the mandatory three to six year sentence under section 7508(a)(3)(ii). Thereafter, reconsideration was granted and the court found that appellee constructively possessed only the 2.722 grams found in her bedroom, rather than the total 26.401

grams found in her house. Thereafter, appellee was resentenced under the more lenient mandate of section 7508(a)(3)(i). The Commonwealth appealed and we vacated and remanded, holding as follows:

At sentencing, when applying 18 Pa.C.S.A. § 7508(a)(3)(ii), the court was required only to determine whether the Commonwealth established by a preponderance of the evidence that cocaine which appellee possessed weighed at least ten grams and less than one hundred grams. Certainly, the Commonwealth sustained their burden of proof through expert testimony as to the exact weight of the cocaine in question.... '[O]nce a party is found guilty, the adjudicated elements of the offense must be fully considered and cannot be disregarded when fashioning a sentence.... The sentencing court is not allowed to rewrite the script....' Instantly, although adjudicating appellee guilty of possessing cocaine with intent to deliver, the lower court decided to 'rewrite the script' by finding that appellee did not possess all of the cocaine found in her residence. This type of reexamination of the facts at the time of sentencing in order to permit the court to impose a more lenient sentence ignores its legislative mandate and will not be condoned.

*Id.* at 486–487, 605 A.2d at 827–828 (citation omitted).

Similarly, in *Commonwealth v. Mayes,* 436 Pa.Super. 1, 647 A.2d 212 (1994), 2.34 grams of crack cocaine, packaged in 68 vials, was seized from appellee and he was convicted of possession with intent to deliver. At sentencing, defense counsel asked the court to consider some portion of the 2.34 grams as a personal-consumption amount, so as to avoid the mandatory sentence required for possession of two or more grams under section 7508(a)(3)(i). The trial court agreed, and held:

I find as a fact that ... you were a user as well as [a seller of cocaine].

I further find as a matter of fact neither beyond a reasonable doubt nor beyond a preponderance that the amount

which was possessed with the intent to deliver was necessarily in excess of two grams.

*Id.* at 4, 647 A.2d at 214. The court then sentenced appellee to a more lenient sentence than that required by section 7508(a)(3)(i). *Id.*

In reversing and remanding for resentencing consistent with the mandatory sentencing guidelines, we stated:

In the instant case the uncontroverted evidence introduced at trial and at sentencing revealed that appellee possessed 2.34 grams of crack cocaine.... The trial court convicted appellee of possession of crack cocaine, and, possession with intent to deliver crack cocaine. 'Once a party is found guilty, the adjudicated elements of the offense must be fully considered and cannot be disregarded when fashioning a sentence. The sentencing court is not allowed to rewrite the script.' At sentencing, the trial court cannot reassess facts determined prior to a finding of guilt of possession with intent to deliver a controlled substance.

. . . . .

The trial court has no choice but to apply § 7508; it cannot proceed to reevaluate the facts (i.e., that appellee possessed sixty-eight vials of crack cocaine with a combined weight of 2.34 grams of crack cocaine) it determined at trial when it found appellee guilty of possession with intent to deliver. Since the trial court failed to apply § 7508 we must vacate appellee's sentence and remand this case for resentencing in accordance with that mandated by 18 Pa.C.S. § 7508(a)(3)(i).

*Id.* at 6–10, 647 A.2d at 215–217 (citations and footnote omitted). *See also Commonwealth v. Rosario,* 400 Pa.Super. 505, 583 A.2d 1229 (1990), *vacated on other grounds,* 535 Pa. 282, 635 A.2d 109 (1992) ("We hold that once a party is found guilty, the adjudicated elements of the offense must be fully considered and cannot be disregarded when fashioning a sentence.").

Instantly, Mrs. Myers was convicted of possessing a single package of marijuana which was determined at trial by compelling evidence to weigh 10.04 pounds. In imposing a more

lenient sentence, the court disregarded this adjudicated fact and improperly "rewrote the script" to include possession of only two to ten pounds of marijuana. Since the court did not impose the mandatory minimum sentence required for Mrs. Myers's crime, we vacate the judgment of sentence and remand for resentencing in accordance with 18 Pa.C.S. § 7508(a)(1)(ii). *Mayes, Jones, Rosario, supra; see also Commonwealth v. Logan*, 404 Pa.Super. 100, 590 A.2d 300 (1991) (lower court has no discretion to impose less than the mandatory minimum sentence, and if it does, appellate court will vacate and remand for resentencing); 18 Pa.C.S. § 7508(d).[7]

Based on the foregoing, we affirm Dean Myers's concurrent three to five-year judgments of sentence. However, as to the Commonwealth's appeal, we vacate Deborah Myers's one to five-year sentence and remand for resentencing consistent with section 7508(a)(1)(ii) and this Opinion.

Jurisdiction relinquished.

7. 18 Pa.C.S. § 7508(d) provides:

(d) **Appellate review.**—If a sentencing court refuses to apply this section where applicable, the Commonwealth shall have the right to appellate review of the action of the sentencing court. The appellate court shall vacate the sentence and remand the case to the sentencing court for imposition of a sentence in accordance with this section if it finds that the sentence was imposed in violation of this section.