722 A.2d 649

**COMMONWEALTH of Pennsylvania, Appellee,**

**v.**

**Deborah Ann MYERS, Appellant.**

Supreme Court of Pennsylvania.

Argued Oct. 22, 1997.

Decided Dec. 23, 1998.

William C. Costopoulos, Lemoyne, for Deborah Ann Myers.

572

D. Michael Fisher, Atty. Gen., Jerome T. Foerster, William
V. Conley, Robert A. Graci, Deputy Attys. Gen., for Com.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY,
CASTILLE, NIGRO and NEWMAN, JJ.

## OPINION

NIGRO, Justice.

This appeal arises from the drug trafficking conviction of
Appellant, Deborah A. Myers. Following a jury trial, Appel-
lant was convicted of one count of possession with intent to
deliver a controlled substance and one count of criminal
conspiracy.

The evidence, as found by the trial court, established that on
March 16, 1994, agents from the Tri–County Drug Task Force
and agents from the Pennsylvania Office of the Attorney
General were in the process of investigating a marijuana
trafficking operation involving Appellant and her husband,
Dean Myers Sr. In the course of their investigation, the
officers received notice that Appellant was driving towards 702
State Street in the Borough of Lemoyne. The police observed
Appellant and her husband, as they arrived at 702 State
Street in a Budget Rent–A–Van. After the van stopped, the
officers approached, identified themselves, and explained that
they were investigating the involvement of Appellant and her
husband in drug trafficking. The police then administered
*Miranda* warnings. Thereafter, both Appellant and Dean
Myers indicated that the van contained marijuana.

A subsequent search of the van revealed what appeared to
be several wrapped Christmas gifts. Appellant identified a
large gift-wrapped box and stated that the box contained
marijuana. When the investigating officers opened the pack-
age, they discovered vegetable material surrounded with Con-
tact paper. Preliminary field testing revealed that the vegeta-
ble matter was marijuana. Appellant was arrested, and
charged with one count of possession with intent to deliver a
controlled substance and one count of criminal conspiracy.

On March 27, 1995, a jury trial commenced in this matter, and the Commonwealth filed a Notice of Mandatory Sentence pursuant to the charge of possession with intent to deliver. At trial, the Commonwealth presented the testimony of Ms. Beverly Beshore–Strohm, the forensic scientist who conducted the police lab testing of the vegetable material at the Pennsylvania State Police Lab in Harrisburg. Beshore–Strohm's testimony confirmed that the substance in question was marijuana. With regard to weight, Beshore–Strohm testified that she ascertained the weight with a Metler top-loading balance, and determined it to be 10.04 pounds. She stated that there was a variation in the scale of plus or minus one gram (.003 lb.), but that even with the variation, the marijuana weighed ten pounds and eighteen grams. Regarding the procedures to maintain the scale's accuracy, Beshore–Strohm initially testified that the manufacturer came to the police lab to calibrate the scale on a yearly basis, but then later admitted that because the scale was still relatively new, she weighed the marijuana in question before the manufacturer came to the lab for the scale's first yearly calibration. On cross-examination, Beshore–Strohm conceded that she did not verify the accuracy of the scale with a known weight prior to weighing the marijuana in question.

On March 28, 1995, the jury found Appellant guilty of possession with intent to deliver and conspiracy. At a June 20, 1995 sentencing hearing, no additional evidence was presented by either party regarding the weight of the marijuana. The Honorable George E. Hoffer sentenced Appellant to one to five years imprisonment pursuant to 18 Pa.C.S. § 7508(a)(1)(i),[1] which imposes a mandatory minimum of one

---

1. Section 7508(a)(1)(i) & (ii) states:

> (1) A person who is convicted of violating ... The Controlled Substance, Drug Device and Cosmetic Act, where the controlled substance is marijuana shall, upon conviction be sentenced to a mandatory term of imprisonment and a fine as set forth in this subsection:
> (i) when the amount of marijuana is at least two pounds, but less than ten pounds ... one year in prison and a fine of $5,000 ...

year imprisonment for possession with the intent to deliver two to ten pounds of marijuana. The Commonwealth appealed to the Superior Court, claiming the sentence did not comport with the mandatory minimum for possession of ten to fifty pounds of marijuana, and was therefore too lenient. The Superior Court concluded that the sentencing court committed a manifest abuse of discretion, vacated the judgment of sentence, and remanded for resentencing in accordance with 18 Pa.C.S. § 7508(a)(1)(ii), which imposes a mandatory minimum of three years imprisonment for possession with the intent to deliver ten to fifty pounds of marijuana. We granted allocatur to determine whether the Superior Court applied an erroneous standard of review, and substituted its own assessment of the facts for that of the sentencing court. For the reasons outlined below, we reverse the Order of the Superior Court, and reinstate the sentence of the Court of Common Pleas.

Citing *Commonwealth v. Edrington*, 490 Pa. 251, 255, 416 A.2d 455, 457 (1980), the Superior Court applied a manifest abuse of discretion standard in reviewing the sentence imposed by the trial court. *Commonwealth v. Myers*, 452 Pa.Super. 299, 306–07, 681 A.2d 1348, 1352 (1996). Appellant essentially argues that since the sentencing court made a finding of fact regarding whether the weight of the marijuana triggered application of the mandatory minimum, the Superior Court erred in applying a manifest abuse of discretion standard on review. For the reasons which follow, we agree with Appellant.

In *Commonwealth v. Powell*, 527 Pa. 288, 590 A.2d 1240 (1991), this Court explained that " '[a]buse of discretion' is synonymous with a failure to exercise a sound, reasonable, and legal discretion. It is a strict legal term indicating that appellate court is of [the] opinion that there was commission of an error of law by the trial court." *Id.* at 298 n. 8, 590 A.2d at 1245 n. 8. Therefore, our Courts apply the abuse of discretion.

(ii) when the amount of marijuana involved is at least ten pounds, but less than fifty pounds ... three years in prison and a fine of $15,000 ...

18 Pa.C.S. § 7508(a)(1)(i) & (ii).

standard "not merely for an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will as shown by the evidence or the record ..." *Commonwealth v. Chambers,* 546 Pa. 370, 387, 685 A.2d 96, 104 (1996); *Commonwealth v. Smith,* 543 Pa. 566, 570–71, 673 A.2d 893, 895 (1996) (reviewing court will find the imposition of sentence a manifest abuse of discretion only where the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality prejudice, bias or ill-will).

■ However, we do not use a manifest abuse of discretion standard to review the factual findings and credibility determinations of the trial court. In *Commonwealth of Pennsylvania, Dept. of Transp., Bureau of Driver Licensing v. O'Connell,* 521 Pa. 242, 555 A.2d 873 (1989), a license suspension case, this Court noted that its scope of review is limited to determining whether the findings of fact of the trial court are supported by competent evidence and whether the trial court committed an error of law or abuse of discretion. *Id.* at 248, 555 A.2d at 875. However, the Court then clarified the appropriate standard for reviewing the trial court's credibility determinations, stating that:

[q]uestions of credibility and conflicts in the evidence presented are for the trial court to resolve, not our appellate courts.... As long as sufficient evidence exists in the record which is adequate to support the finding found by the trial court, as factfinder, we are precluded from overturning that finding and must affirm, thereby paying the proper deference due to the factfinder who heard the witnesses testify and was in the sole position to observe the demeanor of the witnesses and assess their credibility.

*Id.* at 248, 555 A.2d at 875 (citations omitted). *See also Commonwealth v. Slaton,* 530 Pa. 207, 208, 608 A.2d 5, 5 (1992) (in reviewing a suppression court's ruling, we are bound by those factual findings of the suppression court which are supported by the record); *In re Estate of Lux,* 480 Pa. 256, 263, 389 A.2d 1053, 1056 (1978) (in Orphans' Court division,

the "... standard of review with respect to the court's factual findings is clear: '[t]he credibility of the witnesses and the weight to be given their testimony is in the first instance to be determined by the auditing judge. His findings of fact ... like those of a jury, are conclusive unless they are unsupportable by the record.'"). Therefore, when appellate review involves the trial court's findings of fact and credibility determinations, those findings are binding on the reviewing court if they find support in the record. *See O'Connell*, 521 Pa. at 248, 555 A.2d at 875.

The initial determination of whether the Commonwealth proves that the mandatory minimum applies under Section 7508 is reserved by statute for the sentencing court.[2] Thus, resolving whether the weight of the drug triggers application of the mandatory minimum requires the judge to sit as a fact-finder, necessitating credibility determinations. If the court then finds the requirements of section 7508 are established, it does not have the discretion to impose a sentence less severe than that mandated by the legislature. *Commonwealth v. Green*, 406 Pa.Super. 120, 123, 593 A.2d 899, 900 (1991).

Therefore, since the subject of appellate review rests with whether or not the sentencing court finds that Section 7508 applies, the two potential scenarios warrant different standards of review. In cases where the sentencing court finds that Section 7508 applies, the manifest abuse of discretion standard is appropriate for reviewing whether the imposition of sentence comports with the mandatory minimum requirements. However, the manifest abuse of discretion standard is inappropriate when reviewing the sentencing court's initial determination regarding the applicability of Section 7508, because such review examines only the court's

---

2. Section 7508(b) states in pertinent part:
   **(b) Proof of sentencing.**–Provisions of this section shall not be an element of the crime.... The applicability of this sentence shall be determined at sentencing. The court shall consider evidence·presented ... and shall determine, by a preponderance of the evidence, if this section is applicable.
   18 Pa.C.S. § 7508(b).

factual findings and credibility determinations. *See O'Connell,* 521 Pa. at 248, 555 A.2d at 875; *Slaton,* 530 Pa. at 208, 608 A.2d at 5.

This Court has yet to establish the appropriate standard when reviewing the trial court's application of the facts to the mandatory minimum provisions of Section 7508. However, the Third Circuit Court of Appeals addressed a similar issue with regard to Federal Sentencing Guidelines. In *United States v. McDowell,* 888 F.2d 285 (3d Cir.1989), the Court discussed the appropriate standard of review for cases applying the Federal Sentencing Guidelines to the district court's factual determinations.[3] The *McDowell* Court quoted the guidelines as stating:

> The court of appeals shall give due regard to the opportunity of the district court to judge the credibility of the witnesses, and shall accept the findings of fact of the district court unless they are **clearly erroneous** and shall give due deference to the district court's application of the guidelines to the facts. 18 U.S.C.A. § 3742(e).

*Id.* at 291 (emphasis added). The *McDowell* Court, finding that the only challenge before it involved a factual determination, stated that it reviewed the claim "only to ensure that it is not clearly erroneous." *Id. See also United States v. Miele,* 989 F.2d 659, 663 (3d Cir.1992)("[w]ith respect to the court's findings of fact, the government bears the burden of proof by a preponderance of the evidence.... We review these findings to determine whether they are clearly erroneous.").

■ Upon review, we find the rationale of *McDowell* applicable to sentencing cases involving Section 7508. Therefore, like the Third Circuit, we will accept the findings of fact of the sentencing court unless they are clearly erroneous, since this adopts a standard which affords due deference to the fact-

**3.** Although we are not bound by the decisions of federal courts inferior to the United States Supreme Court, the *McDowell* Court's interpretation of the Federal Sentencing Guidelines provides guidance for our review of Section 7508's mandatory minimum provisions. *See Commonwealth v. Clark,* 551 Pa. 258, 710 A.2d 31, 39 (1998) (although we are not bound by decisions of federal courts inferior to the United States Supreme Court, we may look to them for guidance).

finding function of the trial court. Accordingly, we will examine the case at bar under this standard.

The Commonwealth argues that the mandatory minimum sentencing provisions of Section 7508 relieved the sentencing judge of discretion to impose sentence for possession of 2–10 pounds of marijuana where evidence indicated the marijuana weighed 10.04 pounds. The interplay between Section 7508's mandatory minimum provisions and the sentencing judge's discretion was discussed in *Commonwealth v. Carroll,* 438 Pa.Super. 55, 651 A.2d 171 (1994). In *Carroll,* police found the defendant in possession of 2.7 grams of heroin. Section 7508(a)(2)(i) mandates a minimum of two years imprisonment "when the aggregate weight of the compound or mixture containing the substance is at least 2.0 grams and less than ten grams." 18 Pa.C.S. § 7508(a)(2)(i). At the sentencing hearing, evidence was offered that some of the heroin was intended for consumption, not delivery. The sentencing court credited this information, and found by a preponderance of the evidence that Section 7508(a)(2)(i) did not apply. *Carroll,* 438 Pa.Super. at 59, 651 A.2d at 172. In affirming the sentencing court's ruling, the Superior Court stated that "... before imposing a mandatory minimum sentence, a sentencing court must determine whether the offense for which the defendant was convicted falls within the parameters of the sentencing scheme. This requires a separate determination by the sentencing court." *Id.* at 58, 651 A.2d at 173 (citing 18 Pa.C.S. § 7508(b)).

The *Carroll* court accurately noted that Section 7508(b) reserves by statute for the sentencing court the determination of whether the amount of drugs in question meets the requirements for application of the mandatory minimum. *Id.* at 58, 651 A.2d at 173. Procedurally, the weight of the drug, and therefore, the applicability of the mandatory minimum, is not at issue during the trial. It is only after a guilty verdict that the weight of the controlled substance becomes an issue for purposes of sentencing.

■ In this case, the crucial testimony regarding the weight of the marijuana came from the Commonwealth witness who weighed the marijuana. The trial judge found her testimony to be "ambiguous." (Slip Op., Hoffer, J., 10/2/95, at p. 6). However, on review, the Superior Court found this testimony "... clear, convincing and thorough." *Myers*, 452 Pa.Super. at 312, 681 A.2d at 1355. The Superior Court also concluded that the marijuana "... was determined at trial by compelling testimony to weigh 10.04 pounds. In imposing a more lenient sentence, the court disregarded this adjudicated fact and improperly 'rewrote the script' to include possession of only two to ten pounds of marijuana." *Id.* at 314, 681 A.2d at 1356. The Court further stated:

> [Appellant] was convicted of possessing a single, gift-wrapped package of marijuana *which was subsequently determined to weigh in excess of ten pounds.* Since the package as seized was not capable of apportionment, Mrs. Myers either possessed the entire package or she did not and, in light of the jury's verdict, the sentencing court erred in redetermining that she possessed only two to ten pounds, and not the entire 10.04 pounds of the package.

*Id.* at 312, 681 A.2d at 1355 (emphasis added). The Superior Court concluded that since the marijuana's weight was adjudicated during trial, that same fact was not within the province of the court to reassess for sentencing. However, both the language of Section 7508(b), and *Carroll,* clearly indicate that the provisions of the mandatory sentence section are not an element of the crime, and that "[t]he applicability of this section shall be determined at sentencing." 18 Pa.C.S. § 7508(b); *Carroll,* 438 Pa.Super. at 58, 651 A.2d at 172. As a result, the jury found Appellant possessed the marijuana, but were never asked, nor did their verdict slip indicate, how much the marijuana weighed. Therefore, a determination of the weight of the marijuana was reserved for the sentencing court as is consistent with 18 Pa.C.S. § 7508(b). Thus, the Superior Court erred in finding that the marijuana was "subsequently determined to weigh in excess of ten pounds." *Myers,* 452 Pa.Super. at 312, 681 A.2d at 1355.

To support its decision, the Superior Court cited *Commonwealth v. Jones*, 413 Pa.Super. 482, 605 A.2d 825 (1992) and *Commonwealth v. Mayes*, 436 Pa.Super. 1, 647 A.2d 212 (1994). We find both of these cases distinguishable from the case at bar. In *Jones*, the sentencing court determined that the defendant possessed all the drugs found in her house in imposing the applicable mandatory minimum sentence. In reconsidering the sentence, the court changed its previous finding and held that the defendant only constructively possessed a small portion of drugs found in her home. The Superior Court vacated the second sentence, finding that it was impermissible for the trial court to reassess the facts relied upon in its earlier decision. *Jones*, 413 Pa.Super. at 486, 605 A.2d at 827. In *Mayes*, the defendant was charged with possession, and/or possession with the intent to deliver, sixty-eight vials of crack cocaine weighing 2.34 grams. The trial court found the defendant guilty only on the possession with the intent to deliver charge. *Mayes*, 436 Pa.Super. at 3, 647 A.2d at 213. At the sentencing hearing, the defendant argued that not all of the cocaine was possessed with intent to deliver, but introduced no evidence to establish the claim. Nevertheless, the sentencing court found that the defendant did not possess with intent to deliver the 2.0 grams of cocaine necessary to trigger the mandatory minimum. Again, the Superior Court found that the sentencing court improperly reassessed already adjudicated facts in order to find that the mandatory minimum did not apply. *Id.* at 10, 647 A.2d at 217.

The instant matter is not a case where the sentencing court reassessed findings. Therefore, *Jones* and *Mayes* are distinguishable.

Reviewing the finding of the sentencing court in this matter, it is clear that the sentencing judge was not convinced that the weighing process was reliable. The Commonwealth presented testimony that the marijuana weighed 10.04 pounds, just over the ten pounds required for application of Section 7508(a)(1)(ii). Judge Hoffer stated that the evidence admitted at trial regarding weight was ambiguous, and in light of the potential for discrepancies in the weighing process, found by a

preponderance of the evidence that Section 7508(a)(1)(ii) did not apply. A clear basis for this finding exists in the testimony of Beshore–Strohm, who testified that the marijuana was weighed before the scale was calibrated, and that she did not verify the accuracy of the scale with a known weight prior to weighing the marijuana. Judge Hoffer, as fact-finder, was in the unique position to assess the Commonwealth's case, including the credibility of its witnesses.

Since our standard of review does not permit an appellate court to challenge the sentencing court's credibility determinations, the Superior Court erred by substituting its evaluation of Beshore–Strohm's testimony for that of Judge Hoffer. Further, in finding that Judge Hoffer incorrectly redetermined the marijuana's weight, the Superior Court also misinterpreted Section 7508(b)'s plain language that "the applicability of this section shall be determined at sentencing." 18 Pa.C.S. § 7508(b). Therefore, we cannot find the sentencing court's decision clearly erroneous. Accordingly, we vacate the judgment of the Superior Court, and reinstate the Order of the Court of Common Pleas.

Justice CAPPY files a dissenting opinion in which Justice CASTILLE joins.

CAPPY, Justice, dissenting.

Because I cannot agree that it is necessary to adopt the "clearly erroneous" standard of review for appellate review of factual determinations of the sentencing court made pursuant to 18 Pa.C.S. §7508, I must respectfully dissent. Also, I cannot agree that the Superior Court in the instant matter improperly substituted its judgment of facts for that of the sentencing court.

As noted by the Majority, we granted allocatur to determine whether the Superior Court in the instant matter applied the proper standard of review to the sentencing court's determination. Finding that this court has yet to define the appropriate standard of review in cases involving the mandatory provisions of Section 7508, the Majority, in reliance upon a decision of the

Third Circuit in *United States v. McDowell,* 888 F.2d 285 (3d Cir.1989), adopts the "clearly erroneous" standard of review as the appropriate standard. *McDowell* involves the imposition of sentence pursuant to the Federal Sentencing Guidelines wherein the Congress, in drafting the enabling legislation for those Guidelines, explicitly set forth that the findings of fact of the district court shall be accepted on appeal unless those findings are "clearly erroneous." However, I see no need to adopt such a standard here nor do I think the Majority, in its application of the announced standard to the facts at issue, truly adopts such a standard. Rather, the Majority applied nothing more than the standard traditionally employed to review any factual determinations; that an appellate court is bound by the trial court's findings so long as they are supported by the record. *Commonwealth v. Farquharson,* 467 Pa. 50, 354 A.2d 545, 550 (Pa.1976).

The Majority concludes that the Superior Court here erroneously substituted its own determination of the facts for that of the sentencing court.[1] Essentially, what the Majority finds is that the trial court found the weight of the marijuana to be less than 10 pounds and that such finding was not subject to reversal by the Superior Court on appeal. According to the Majority, the Superior Court's determination that the facts established that the marijuana weighed in excess of ten pounds, constituted an improper reassessment of the facts. However, in so holding, the Majority not only overlooks critical testimony offered by Ms. Beshore–Strohm, the forensic scientist who conducted the police lab testing of this marijuana, but also misconstrues what both the trial court and the Superior Court truly held.

As the Majority so notes, the testimony of Ms. Beshore–Strohm was the only evidence presented regarding the weight of the marijuana. In order to set forth my position, it is necessary to review all of her testimony respecting the weighing process actually conducted here.

---

**1.** The Majority later construes the Superior Court's decision as being an improper challenge to the sentencing court's "credibility determinations" respecting the testimony of Ms. Beshore–Strohm.

Ms. Beshore–Strohm testified that the drugs at issue were weighed on May 20, 1994. (N.T. 3/27/95 p. 21). The drugs were weighed on a Metler top loading balance which had been purchased by the police lab sometime earlier in 1994. (N.T. 3/27/95 pp. 23, 36). She testified that this balance was calibrated by Metler prior to it being sent to the lab. (N.T. 3/27/95 p. 37). She testified that a representative from Metler would check the lab's balances on a yearly basis. (N.T. 3/27/95 pp. 23, 35). While on cross examination it was elicited that the weighing in question took place prior to Metler having checked the calibration, her testimony also made clear that this was so because this particular weighing occurred within a few months of the machine's purchase at a time when Metler was not yet scheduled to check the calibration. (N.T. 3/27/95 pp. 23–24; 35–37). She testified further that this particular machine was designed with an internal calibration mechanism which required that one simply push a button prior to each weighing whereupon the machine would self-calibrate. She explained that a known weight is not placed on this type of balance to determine if it is calibrated correctly. She testified further that she performed this self-calibration function immediately prior to her having weighed this particular marijuana. (N.T. 3/27/95 p. 35–36). When asked to explain in more detail the calibration mechanics of this machine, she testified that there are two distinct types of balances, one that is externally calibrated by placing a weight thereon; the other being one such as that used here which has all the numbers factored into the machine and which calibrates itself when that function is executed. Immediately thereafter, she was asked whether she had, in this instance, put a known weight on the balance prior to weighing this marijuana to which she responded "no." (N.T. 3/27/95 37–38). However, as noted above, she had just testified that on a balance such as the one used here, it was not necessary to place a known weight on the scale to determine whether it is correctly calibrated.

At the time of sentencing, the sole argument of defense counsel respecting the weight was:

There was testimony concerning the weight scale that was used. I do not believe that it was calibrated, but—and the possibility, also, of seeds and stems which were—which were included in the marijuana, of which case there was no testimony that the seeds were actually capable of germination. I would request that if Your Honor would find that, that it would be less than—you could arrive at an amount less than the ten pounds.

(N.T. 6/20/98 p. 4). The Commonwealth responded that the testimony of Ms. Beshore–Strohm established that the marijuana weighed in excess of ten pounds. The trial court then stated:

Mrs. Myers, a jury found you guilty in the case. I have no question about that whatsoever, nor do I have any doubts about your conviction. You are forty-three years old, and you evidently have some serious health problems at this time. For that, I sympathize with you. I don't sympathize with you when you say you didn't know anything about this whole marijuana proposition. The jury found otherwise. However, I do believe that your involvement in it is to something of a lesser extent than your son and your husband.

The D.A. is asking for a mandatory sentence because the weight of the marijuana just edges the scale over ten pounds. I'm going to give you the benefit of the doubt on that and whatever happens happens.

(N.T. 6/20/95 pp. 10–11). The trial court then sentenced Appellant consistent with possession of only two to ten pounds thus rejecting the mandatory sentence sought by the Commonwealth. In an opinion filed pursuant to Pa.R.A.P.1925, the trial court noted that it found the evidence regarding weight to be "ambiguous." In support of that finding, the trial court stated:

Although Ms. Beshore–Strohm testified that the top-loading balance was calibrated by the manufacturer on a yearly basis, she also testified that she did not verify the accuracy of the scale. Additionally, we note that neither party presented additional evidence at the sentencing hearing to clarify this ambiguity. In light of this, and the

potential for discrepancies in the weighing process, we determined by a preponderance of the evidence that the mandatory minimum sentence under 18 Pa.C.S. §7508(a)(1)(ii) was not applicable.

(tr. ct. op. at pp. 6–7).[2] The Superior Court reversed, concluding that record did not support the trial court's finding that the marijuana weighed less than ten pounds.

In my opinion, the Majority's determination to reverse the Superior Court's decision is in error. First, I believe the Majority misinterprets the Superior Court's decision when the Majority, at page 653, finds that the Superior Court improperly concluded that the weight of the marijuana was an "adjudicated fact" of the jury. A fair reading of the entire Superior Court opinion reveals that the "adjudicated fact" to which it refers is the jury's finding that Appellant possessed the package of marijuana; not that the weight of the marijuana was adjudicated by the jury. On this point, I interpret the Superior Court as noting that since the jury convicted Appellant of possessing this precise package of marijuana, and since the package was not capable of apportionment, and since, as already determined by that Court, the package was later determined by a preponderance of the evidence to weigh in excess of 10 pounds, the trial court, in deciding to sentence Appellant consistent with having possessed less than 10 pounds, in effect, improperly redetermined the adjudicated fact that she possessed the package.[3]

Moreover, I cannot agree with the Majority's conclusion that the Superior Court re-determined credibility because, as noted above, the Superior Court concluded only that the

**2.** Pa.C.S. §7508 provides that the court shall determine by a preponderance of the evidence if the mandatory minimum sentence applies.

**3.** I point out as well that I disagree with the Majority's initial conclusion that the Superior Court improperly applied the manifest abuse of discretion standard. As the Majority so notes, "abuse of discretion" simply means that the appellate court is of the opinion that the trial court committed an error of law. In this instance, the Superior Court believed that the record evidence established that the Commonwealth had met its burden of proving by a preponderance of the evidence that the marijuana weighed in excess of 10 pounds and that the trial court, therefore, committed an error of law.

sentencing court's finding regarding the weight of the marijuana was not supported by the record. While the Majority recognizes this to be the appropriate standard of review, it seemingly disregards it by concluding, in essence, that a trial court's findings are absolute. I submit that a review of the comments uttered by the court at sentencing supports the Superior Court's conclusions insofar as they evidence a deliberate attempt to sentence Appellant to a more lenient sentence, not because the evidence failed to establish that the marijuana weighed at least 10 pounds, but rather, solely because the court felt she deserved a less severe sentence than her husband and son. Such discretionary sentencing is explicitly precluded by the mandatory sentencing scheme of section 7508.

A careful reading of the Superior Court decision reveals that rather than applying an erroneous standard of review, that court concluded that the evidence submitted at sentencing met the preponderance of the evidence standard set forth in §7508(b). In so concluding, the Superior Court simply focused upon the entirety of the testimony; it did not impose its own assessment of credibility as suggested by the Majority.

For all these reasons, I dissent.

Justice CASTILLE joins this Dissenting Opinion.