J-S60012-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JONATHAN LARUE CARNRIKE | : | |
| | : | |
| Appellant | : | No. 346 MDA 2018 |

Appeal from the Judgment of Sentence February 1, 2018
In the Court of Common Pleas of Bradford County Criminal Division at
No(s):  CP-08-CR-0000092-2017

BEFORE:   SHOGAN, J., NICHOLS, J., and STRASSBURGER*, J.

MEMORANDUM BY SHOGAN, J.:                    **FILED DECEMBER 28, 2018**

Appellant, Jonathan Larue Carnrike, appeals from the judgment of sentence entered following his convictions of crimes stemming from a drug transaction.  We affirm.

We summarize the history of this case as follows.  On March 2, 2016, members of the Bradford County Drug Task Force arranged for a confidential informant ("CI") to purchase Oxycodone from Appellant.  The CI organized the time and location of the transaction with Appellant by cellphone text messages.  The police provided the CI with $100 in buy money.  The transaction occurred at a mini-mart, which was under surveillance by the police.  The CI testified that he handed $100 to Appellant and received pills wrapped in cellophane from Appellant.  The CI turned over to police eight 7.5-

_____

*   Retired Senior Judge assigned to the Superior Court.

milligram Oxycodone pills, which were white in color, and three 10-milligram Oxycodone pills, which were pink in color.

On October 12, 2016, Appellant was charged with criminal use of a communication facility, 18 Pa.C.S. § 7512(a), possession of a controlled substance, 35 P.S. § 780-113(a)(16), and possession of a controlled substance with intent to deliver ("PWID"), 35 P.S. § 780-113(a)(30). On November 15, 2017, a jury convicted Appellant of all three crimes. On February 1, 2018, Appellant was sentenced to serve an aggregate term of incarceration of twenty-four to eighty-four months. Appellant filed a timely post-sentence motion, which the trial court denied. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant presents the following issue for our review:

I. Was the evidence in this case sufficient to sustain a verdict of guilty where the Commonwealth did not test the narcotic evidenced in the case but instead relied on the testimony of a pharmacist to identify pills, where that pharmacist admitted that he could not testify specifically as to the actual make up of the pills themselves?

Appellant's Brief at 4.

Appellant's sole issue challenges whether there was sufficient evidence to sustain his narcotics convictions. Appellant's Brief at 6-10. Essentially, Appellant contends that the Commonwealth failed to present sufficient evidence to prove that the pills in the transaction were illegal narcotics. In particular, Appellant avers that the testimony of the pharmacist, who testified

as an expert, was insufficient to prove that the pills involved in the transaction were a controlled substance. *Id*. at 8-9.

Our standard of review is well established:

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder['s]. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Estepp*, 17 A.3d 939, 943-944 (Pa. Super. 2011).

In order to uphold a conviction for PWID pursuant to 35 P.S. § 780-113(a)(30), the Commonwealth must prove beyond a reasonable doubt that the defendant possessed a controlled substance and did so with the intent to deliver it. *Commonwealth v. Aguado*, 760 A.2d 1181, 1185 (Pa. Super. 2000) (*en banc*). Regarding the crime of simple possession of narcotics, 35 P.S. § 780-113(a)(16) prohibits "[k]nowingly or intentionally possessing a controlled or counterfeit substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board,

- 3 -

unless the substance was obtained directly from, or pursuant to, a valid prescription order or order of a practitioner, or except as otherwise authorized by this act."

In Pennsylvania, it is well settled that "[t]he existence of narcotic drugs does not have to be proved by chemical analysis and may be proved either by direct or circumstantial evidence." *Commonwealth v. Williams*, 428 A.2d 165, 167 (Pa. Super. 1981). Indeed, merely circumstantial evidence is sufficient. *See Commonwealth v. Minott*, 577 A.2d 928, 932 (Pa. Super. 1990) (noting well-established policy that circumstantial evidence is sufficient and applying it to extrapolation method employed to ascertain quantity of narcotics seized); *Commonwealth v. Stasiak*, 451 A.2d 520, 525 (Pa. Super. 1982) (rejecting need for chemical analysis of suspected narcotics where circumstantial evidence, consisting of sealed and labelled bottles recently stolen from pharmacy, was sufficient); *Commonwealth v. Leskovic*, 307 A.2d 357, 358 (Pa. Super. 1973) (rejecting need for chemical analysis of capsules allegedly provided to the victim where the description matched that of known barbiturate and urine sample of victim revealed quantity of barbiturate in bloodstream).

In addition, we are mindful of the following:

The basic distinction between direct and circumstantial evidence is that in the former instance the witnesses testify directly of their own knowledge as to the main facts to be proved, while in the latter case proof is given of facts and circumstances from which the jury may infer other connected facts which reasonably follow, according to the common experience of mankind.

- 4 -

*Commonwealth v. Broughton*, 390 A.2d 1282, 1284 (Pa. Super. 1978)

(quoting 29 Am.Jur.2d, Evidence § 264 at 312).

The trial court offered the following analysis in reviewing Appellant's

sufficiency of the evidence claim:

> The Commonwealth called a pharmacist[, John Brown,] as a witness to identify the pills that Appellant sold. The pharmacist testified that he had been a pharmacist since 1991 after graduating from Temple University. Prior to that, he was a pharmacy tech in the US Air Force. He further testified, as a pharmacist, he is familiar with controlled substances. The pharmacist was asked by the Commonwealth to look at pictures of pills which he ran through his drug i/d/ program and with the marks on the pills, he identified them to a reasonable degree of scientific certainty as a 10 milligram oxycodone made by KBT pharmaceuticals and a generic Percocet (oxycodone 7.5 milligram with 325 milligrams Acetaminophen) made by Rohes Pharmaceutical. Both are controlled substances.
>
> * * *
>
> It is "well-established in this Commonwealth that the identity of the illegal narcotic substances may be established by circumstantial evidence alone." Commonwealth v. Minott, 395 Pa. Super. 552, 562, 577 A.2d 928, 932 (1990). See also Commonwealth v. Myers, 452 Pa. Super. 299, 309, 681 A.2d 1348, 1353-[13]54 (1996) (vacated on other grounds by 554 Pa. 569 , 722 A.2d 649 ); and Commonwealth v. Rickabaugh, 706 A.2d 826 ([Pa. Super.] 1997). In this case, the police officer with years of experience and training recognized the substances as narcotics. The pharmacist recognized the substances as narcotics. The [CI] had contacted [Appellant] to obtain those specific narcotics. [Appellant] sold those substances to the [CI]. This evidence is sufficient for the jury to conclude as they did that the substances were controlled substances.

Trial Court Opinion, 6/12/18, at 6-7.

Our review of the record, in the light most favorable to the Commonwealth as the verdict winner, indicates that the evidence was sufficient to support every element of the offenses beyond a reasonable doubt. With regard to the nature of the items sold by Appellant to the CI, Officer Bruce Hoffman of the Sayre Borough Police Department testified as to his direct observations of the nature of the items, as informed by his training and experience. N.T., 11/15/17, at 36. Officer Hoffman indicated that the pills sold by Appellant were controlled substances. *Id*. Likewise, pharmacist John Brown, the owner of Brown's Pharmacy, testified that the pills in question were controlled substances. *Id*. at 100-104. While the persuasiveness of this testimony may be less compelling than chemical analysis, it nonetheless constitutes direct evidence. *Broughton*, 390 A.2d at 1284.

Therefore, we agree with the trial court that the evidence presented was sufficient to prove that the contraband was a controlled substance. Based on the foregoing, Appellant's claim that the evidence was insufficient to support his convictions fails. Hence, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judge Strassburger joins the Memorandum.

Judge Nichols concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/28/2018