J-S05007-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JUSTIN JAMES ROZNOWSKI, | : | |
| | : | |
| Appellant | : | No. 1857 WDA 2013 |

Appeal from the Judgment of Sentence October 24, 2013,
Court of Common Pleas, Allegheny County,
Criminal Division at No. CP-02-CR-0013058-2012

BEFORE:  DONOHUE, SHOGAN and STABILE, JJ.

MEMORANDUM BY DONOHUE, J.:  **FILED JANUARY 30, 2015**

Justin James Roznowski ("Roznowski") appeals from the October 24, 2013 judgment of sentence entered by the Allegheny County Court of Common Pleas following his conviction of driving while his operating privilege is suspended or revoked, 75 Pa.C.S.A. § 1543(b)(1).[1]  On appeal, he challenges the sufficiency of the evidence to support his conviction.  Upon review, we affirm.

The trial court provided the following summary of the pertinent facts:

> On July 21, 2012, Officer Mark Wolfe was patrolling the area of State Route 910 and Pierce Mill Road in his capacity as a patrolman for the Northern

---

[1]  The Commonwealth initially also charged Roznowski with two counts of driving under the influence of alcohol and one count of false reports to law enforcement authorities.  On October 1, 2013, the trial court granted Roznowski's motion to suppress the breathalyzer results obtained on the night of his arrest, following which the Commonwealth nol prossed these additional charges.

Regional Police Department. (T.R. 10/1/13, pp. 4-5). While so doing, he noticed a vehicle stopped on the side of the road near this intersection. (T.R. 10/1/13, p. 5). He pulled behind the vehicle and initiated contact with the unknown male sitting in the driver's seat. (T.R. 10/1/13, p. 6). During the suppression hearing, Officer Wolfe identified the unknown male from the vehicle that night as [Roznowski]. (T.R. 10/1/13, p. 6).

On the night in question, Officer Wolfe asked [Roznowski] for his driver's license. [Roznowski] responded that he did not have the license with him. (T.R. 10/1/13, p. 7). Officer Wolfe was able to identify [Roznowski] by his name and date of birth, and his computer check of [Roznowski] revealed that his license was suspended due to a DUI. (T.R. 10/1/13, p. 7). Officer Wolfe questioned [Roznowski] as to where he had been before his interaction with the officer. [Roznowski] stated that he had been at work at Applebee's Restaurant in Richland, PA and was headed to a friend's home to collect some money that the friend owed him. He was sitting alongside the road because he had run out of gas. (T.R. 10/1/13, pp. 7, 15). Officer Wolfe then advised [Roznowski] that his license was DUI suspended. At that point, [Roznowski] claimed that his mother had been driving the vehicle that night. (T.R. 10/1/13, p. 8).

The only person present when Officer Wolfe approached the vehicle was [Roznowski], and the officer had not seen anyone else walking near the roadway before he stopped to speak to [Roznowski]. (T.R. 10/1/13, p. 10). The officer noted that the passenger seat had a large amount of clothing on it, and that the back seat was also strewn with clothing and several other items. (10/1/13, pp. 8-9). There was a basketball on the floor below the passenger seat as well. (T.R. 10/1/13, p. 9). The officer testified that it would have been difficult for a person to sit in the passenger seat. (T.R. 10/1/13, p. 8).

After [Roznowski] informed the officer that his mother was driving, Officer Wolfe requested that [Roznowski] call his mother so that the officer could speak to her. (T.R. 10/1/13, p. 9). When [Roznowski] phoned his mother, he asked her to tell the officer that she had been driving. (T.R. 10/1/13, p. 9, 19). When Officer Wolfe spoke with [Roznowski]'s mother, he noted the sound of barking dogs in the background and asked if she was at home. She responded that she was, and that her husband was going to get gas for [Roznowski]. (T.R. 10/1/13, pp. 9-10). [Roznowski]'s mother informed the officer, when asked, that she was driving the vehicle that night. (T.R. 10/1/13, pp. 11, 19, 21). However, [Roznowski]'s mother would not sign a written statement acknowledging that she was the driver. (T.R. 10/1/13, pp. 22-23).

[Roznowski] was placed in custody by Officer Wolfe. (T.R. 10/1/13, p. 11). He was asked by the officer where the keys to the car were, and [Roznowski] responded that his mother had them and that he did not know where they were. (T.R. 10/1/13, p. 9). However, the keys were found under a pile of clothes on the passenger side of the vehicle, within arm's reach of the driver's seat. (T.R. 10/1/13, p. 8). A pat down of [Roznowski] after his arrest also revealed his driver's license, which was located in his pants pocket. (T.R. 11). The officer and [Roznowski] were on scene for over twenty (20) minutes, during which time no one arrived with gas for [Roznowski]'s vehicle. (T.R. 10/1/13, p. 13).

Trial Court Opinion, 9/18/14, at 2-5.

The case proceeded to a bench trial on October 24, 2013. Roznowski's mother failed to appear to testify. The trial court denied his request for a postponement, observing that it was his third request and that his mother likewise had not appeared at the last scheduled trial date. Roznowski

agreed to incorporate the transcript from the suppression hearing and presented no additional evidence or testimony. The trial court found him guilty and sentenced him to sixty to ninety days of incarceration.

Roznowski filed a timely notice of appeal and both Roznowski and the trial court complied with Rule of Appellate Procedure 1925. He raises one issue for our review on appeal: "Was the evidence insufficient to prove, beyond a reasonable doubt, that [] Roznowski drove the vehicle, as required by 75 Pa.C.S.A. § 1543(b)(1), where the engine was off, the internal and external lights were off, the keys were not in the ignition, and no one observed him drive?" Roznowski's Brief at 4.

Appellate review of a challenge to the sufficiency of the evidence is de novo. **Commonwealth v. Rushing**, 99 A.3d 416, 420 (Pa. 2014). "[O]ur scope of review is limited to considering the evidence of record, and all reasonable inferences arising therefrom, viewed in the light most favorable to the Commonwealth as the verdict winner." **Id.** at 420-21. "The Commonwealth may sustain its burden by means of wholly circumstantial evidence." **Commonwealth v. Martin**, 101 A.3d 706, 718 (Pa. 2014) (citation and quotation omitted). "Further, we note that the entire trial record is evaluated and all evidence received against the defendant is considered, being cognizant that the trier of fact is free to believe all, part, or none of the evidence." **Id.** It is for the finder of fact to pass upon the

credibility of the witnesses and weight of the evidence presented. **Commonwealth v. Melvin**, 103 A.3d 1, 40 (Pa. Super. 2014).

Roznowski does not contend that the car was not driven that evening or that his license was not suspended. Rather, Roznowski raises his sufficiency claim solely based upon the Commonwealth's alleged failure to prove that **he** drove the vehicle. Roznowski's Brief at 10. According to Roznowski, the evidence presented did not support a finding that he was driving at the time Officer Wolfe approached his vehicle, and there was no evidence presented to contradict his and his mother's statements to the police that his mother was the person driving the vehicle on the night in question. **Id.** at 15-16.

The trial court found that the Commonwealth presented sufficient circumstantial evidence that Roznowski was the person who drove the vehicle. Trial Court Opinion, 9/18/14, at 8. It found "that Officer Wolfe was a credible and reliable witness[] who accurately described the events of July 21, 2012," and that "[Roznowski] was not believable and credible in what he told the officer that night." **Id.** at 8-9.

The record reflects that Officer Wolfe observed Roznowski sitting in the driver's seat of the vehicle on the side of the road. N.T., 10/1/13, at 5, 6. He told the officer that he had just left Applebee's, where he worked, and was on his way to see a friend that owed him money, when he ran out of gas. **Id.** at 7. He initially made no mention of another person having been

- 5 -

in the vehicle with him. It was not until Officer Wolfe confronted him with the fact that his license was suspended that Roznowski stated that his mother had been the person driving. *Id.* at 8.

Roznowski told Officer Wolfe that his mother was getting gas for the car and had taken the keys with her when she left. *Id.* at 8-9. When Roznowski called his mother at Officer Wolfe's request, however, the officer learned that Roznowski's mother was at home. *Id.* at 9-10. Officer Wolfe subsequently discovered the keys on the front passenger seat of the car within arm's reach of Roznowski. *Id.* at 8. Roznowski also initially told Officer Wolfe that he did not have his license, but this too was found to be untrue – Roznowski had his license in his pocket. *Id.* at 7, 11.

Roznowski spoke with his mother on the phone before Officer Wolfe did and Officer Wolfe heard him say, "[T]ell the police that you were driving." *Id.* at 9. Roznowski's mother did as her son instructed, but when she picked him up at the police station, she refused to provide a written statement indicating that she was driving on the night in question. *Id.* at 22-23. Furthermore, there was "a very large amount of clothing" covering the passenger seat of the car, and there was a basketball on the floor in front of the passenger seat, which would have made it difficult for a person to sit comfortably as a passenger in the vehicle. *Id.* at 8.

Viewing the evidence in the light most favorable to the Commonwealth as we are required, we conclude that Officer Wolfe's testimony, if believed,

supports a finding that Roznowski drove the vehicle prior to it coming to rest on the side of the road. Thus, the sufficiency of the evidence in this case boils down to the trial court's perception of Officer Wolfe and the testimony he provided, and as stated above, the trial court found that he testified credibly and reliably. Trial Court Opinion, 9/18/14, at 8.

> [Q]uestions of credibility and conflicts in the evidence presented are for the trial court to resolve, not our appellate courts.... As long as sufficient evidence exists in the record[,] which is adequate to support the finding found by the trial court, as factfinder, we are precluded from overturning that finding and must affirm, thereby paying the proper deference due to the factfinder who heard the witnesses testify and was in the sole position to observe the demeanor of the witnesses and assess their credibility.

***Commonwealth v. Myers***, 722 A.2d 649, 651-52 (Pa. 1998) (citation omitted). We therefore have no basis to overturn Roznowski's conviction.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/30/2015

- 7 -