J-S90043-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| THOMAS CERAUL | |
| Appellant | No. 1642 EDA 2016 |

Appeal from the PCRA Order March 28, 2016
In the Court of Common Pleas of Northampton County
Criminal Division at No(s): CP-48-CR-0002630-2012

BEFORE:  OTT, J., SOLANO, J. AND JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED DECEMBER 16, 2016**

Thomas Ceraul ("Appellant") appeals from the order entered in the Northampton County Court of Common Pleas, which granted in part and denied in part his petition filed for relief pursuant to the Post Conviction Relief Act ("PCRA").[1]  After careful review, we affirm.

The relevant facts and procedural history of this appeal are as follows. On February 6, 2013, a jury convicted Appellant of four counts of statutory sexual assault,[2] six counts of involuntary deviate sexual intercourse ("IDSI") person less than 16 years of age,[3] aggravated indecent assault person less

---

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. § 3122.1.

[3] 18 Pa.C.S. § 3123(a)(7).

than 16 years of age,[4] corruption of minors,[5] four counts of indecent assault person less than 16 years of age,[6] and selling or furnishing liquor to minors.[7] Appellant's convictions stem from four sexual encounters he had with victim J.S. between 2008 and 2010, when J.S. was between the ages of 13 and 16 years old and Appellant was over 40 years old.

On June 11, 2013, the court determined that Appellant was a sexually violent predator and sentenced him to an aggregate term of 65 years and four months to 132 years of state incarceration. His sentence included a mandatory minimum sentence for each of his IDSI convictions pursuant to 42 Pa.C.S. § 9718(a)(1), which was held unconstitutional in *Commonwealth v. Wolfe*, 106 A.3d 800, 801 (Pa.Super.2014).

On June 18, 2013, Appellant filed a timely post-sentence motion, which the court denied on August 19, 2013. On May 15, 2014, this Court affirmed Appellant's judgment of sentence, and the Pennsylvania Supreme Court denied his petition for allowance of appeal on September 24, 2014. Appellant did not file a petition for a writ of *certiorari* with the Supreme Court of the United States, and his judgment of sentence became final on

---

[4] 18 Pa.C.S. § 3125(a)(8).

[5] 18 Pa.C.S. § 6301(a)(1).

[6] 18 Pa.C.S. § 3126(a)(8).

[7] 18 Pa.C.S. § 6310.1(a).

December 23, 2014. **See** 42 Pa.C.S. § 9545 (b)(3) ("For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."); Supreme Court Rule 13.

On November 20, 2015, Appellant filed a timely *pro se* PCRA petition. **See** 42 Pa.C.S. § 9545(b)(1). The PCRA court appointed counsel, who filed an amended PCRA petition on January 15, 2016. On February 5, 2016, the PCRA court conducted a hearing on Appellant's claims, including claims of ineffective assistance of trial counsel. On March 28, 2016, the PCRA court granted Appellant's petition by vacating his judgment of sentence due to the illegal mandatory minimum sentences imposed. The PCRA court also denied and dismissed Appellant's PCRA petition in all other respects. On April 29, 2016, the court resentenced Appellant to an aggregate term of 586 months (48.83 years) to 1,992 months (166 years) of state incarceration.

On May 20, 2016, the court granted Appellant's motion to have his appellate rights re-instated *nunc pro tunc* so that he could appeal the PCRA order of March 28, 2016. On May 24, 2016, Appellant filed a notice of appeal and a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).[8] Appellant raises the following issue for our review:

---

[8] The motion to reinstate appellate rights *nunc pro tunc* was dated May 20, 2016, but the Clerk of Courts did not enter the order on the docket until
*(Footnote Continued Next Page)*

WAS TRIAL COUNSEL INEFFECTIVE FOR FAILING TO IMPEACH THE ONLY EYEWITNESS AGAINST [APPELLANT] ON THE GROUNDS OF PRIOR INCONSISTENT TESTIMONY WHICH WOULD HAVE MADE HER VERSION OF EVENTS IMPOSSIBLE DUE TO [APPELLANT'S] INCARCERATION AND FOR FAILING TO STATE THE RELEVANCE OF J.S.'S ALLEGATIONS AGAINST OTHER MEN? ALTERNATIVELY STATED, WAS TRIAL COUNSEL INEFFECTIVE FOR PRODUCING EVIDENCE OF [APPELLANT'S] PRIOR INCARCERATION BUT THEN FAILING TO SHOW THE EXCULPATORY NATURE OF SAID INCARCERATION AND FOR FAILING TO ASSERT THE RELEVANCE OF J.S.'S ALLEGATIONS AGAINST OTHER MEN?

Appellant's Brief at 5.

Preliminarily, the PCRA court order which granted Appellant's PCRA petition as it pertained to sentencing and denied it in all other respects was a final and appealable order.[9] **See Commonwealth v. Gaines**, 127 A.3d 15, 17–18 (Pa.Super.2015) (*en banc*) (plurality) ("there can be no serious dispute that the order granting in part and denying in part all the issues raised in the PCRA petition finally disposed of Appellant's PCRA petition [where] Appellant's PCRA petition raised several claims, each seeking either

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

June 1, 2016, after Appellant filed his appeal. We consider Appellant's appeal perfected at the time the Clerk of Courts entered the order on the docket. **See** Pa.R.A.P. 905(a)(5) ("A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof.").

[9] The PCRA court did not expressly reinstate Appellant's direct appeal rights; it merely corrected an illegal sentence. **Cf. Commonwealth v. Miller**, 868 A.2d 578, 580 (Pa.Super.2005) (Generally, when a PCRA court order reinstates a petitioner's direct appeal rights, it may not reach the merits of the remaining claims, including claims of ineffectiveness. "The PCRA court may **inquire**, but its inquiry [cannot] result in an appealable disposition.").

a new trial or resentencing [and t]he PCRA court granted one sentencing claim and denied all claims for a new trial…. Under a plain, straightforward application of Rule 910, the PCRA court's order was a final one.").  Thus, Appellant's appeal of the dismissal of his PCRA petition regarding his ineffective assistance of counsel claim is properly before us, and we shall proceed to address the merits of his claim.

Appellant argues his counsel was ineffective for failing to adequately impeach his victim regarding the dates of the sexual assaults and for failing to cross-examine his victim regarding her sexual contact with other men. He claims counsel's actions were prejudicial because counsel failed to give the jury any reason to question the credibility of his victim, who was the only witness against him.  Appellant concludes he is entitled to a new trial with new counsel.  We disagree.

We observe the following standard of review:

> [W]hen examining a mixed question of law and fact, the level of deference afforded to the court is analyzed on an issue-by-issue basis. **Commonwealth v. Martin**, 5 A.3d 177, 197 ([Pa.]2010). As this Court has reasoned, "Where the legal issues predominate in mixed questions of law and fact, [appellate courts] review the question *de novo*. However, where the analysis is primarily a factual one, the trial court's findings of fact are binding upon a reviewing court, unless those findings were clearly erroneous." **Commonwealth v. Santiago**, 654 A.2d 1062, 1072 ([Pa.Super.]1994) (brackets in original) (internal citations and quotations omitted). Simply put, "The more fact intensive the determination, the more deference a reviewing court should afford that conclusion." **Martin, supra** at 197.

***Commonwealth v. Manahan***, 45 A.3d 413, 416 (Pa.Super.2012).

This Court follows the ***Pierce***[10] test to review claims of ineffective assistance of counsel:

> When a petitioner alleges trial counsel's ineffectiveness in a PCRA petition, he must prove by a preponderance of the evidence that his conviction or sentence resulted from ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. We have interpreted this provision in the PCRA to mean that the petitioner must show: (1) that his claim of counsel's ineffectiveness has merit; (2) that counsel had no reasonable strategic basis for his action or inaction; and (3) that the error of counsel prejudiced the petitioner-i.e., that there is a reasonable probability that, but for the error of counsel, the outcome of the proceeding would have been different. We presume that counsel is effective, and it is the burden of Appellant to show otherwise.

***Commonwealth v. duPont***, 860 A.2d 525, 531 (Pa.Super.2004) (internal citations and quotations omitted). "If an appellant fails to prove by a preponderance of the evidence any of the ***Pierce*** prongs, the Court need not address the remaining prongs of the test." ***Commonwealth v. Fitzgerald***, 979 A.2d 908, 911 (Pa.2010) (citation omitted).

Regarding Appellant's contention that his trial counsel was ineffective for failing to impeach his victim with prior testimony at the preliminary hearing about the specific dates of her sexual encounters with Appellant and

---

[10] ***Commonwealth v. Pierce***, 527 A.2d 973 (Pa.1987).

bringing to light her previous statement that one of the sexual encounters occurred while Appellant was incarcerated, the PCRA court reasoned:

> While it is accurate that Attorney Goodrich did not question J.S. specifically with regard to her testimony at the preliminary hearing about the dates of the offenses, he did introduce evidence, by way of Corrections records, to challenge her testimony with respect to those dates, attempting to show that [Appellant] was unavailable due to his incarceration during a considerable period of time when J.S. stated that the offenses occurred, specifically December 2008 to February 2010. (N.T. 2/5/13, pp. 157-160). Moreover, as the Commonwealth was not required to prove the dates of the offenses with specificity, given the nature of [Appellant's] course of conduct over a lengthy period and the age of J.S., any failure by Attorney Goodrich to thoroughly cross-examine J.S. so as to pin down specific dates could not have prejudiced [Appellant]. ***Commonwealth v. G.D.M., Sr.***, 926 A.2d 984, 990 (Pa.Super.2007). As the record reflects, [Appellant] was not incarcerated during the bulk of the time period in which J.S. testified that the assaults occurred. Accordingly, we cannot conclude that this contention has merit.

PCRA Court Opinion, filed March 28, 2016, at 4.

The PCRA court's findings are supported by the record and not clearly erroneous. We agree with its determination that Appellant's contention that his trial counsel was ineffective for failing to impeach his victim lacks merit, and the alleged ineffectiveness did not prejudice Appellant.

Appellant further argues that his trial counsel was ineffective for failing to cross-examine the victim about her sexual contact with other men. This claim is devoid of merit.

"All relevant evidence is admissible, except as otherwise provided by law. Evidence that is not relevant is not admissible." ***Commonwealth v. Serge***, 896 A.2d 1170, 1190 (Pa.2006) (citing Pa.R.E. 402). The legislature has additionally provided:

> **§ 3104. Evidence of victim's sexual conduct**
>
> **(a) General rule.**--Evidence of specific instances of the alleged victim's past sexual conduct, opinion evidence of the alleged victim's past sexual conduct, and reputation evidence of the alleged victim's past sexual conduct shall not be admissible in prosecutions under this chapter except evidence of the alleged victim's past sexual conduct with the defendant where consent of the alleged victim is at issue and such evidence is otherwise admissible pursuant to the rules of evidence.

18 Pa.C.S. § 3104.

Although § 3104

> does not always preclude evidence the complainant was a victim of a prior sexual assault, ***see Commonwealth v. Johnson***, 638 A.2d 940, 942 ([Pa.]1994)[, ]the proffered evidence must still be relevant and material under the rules of evidence. ***Id.*** Thus, the question is whether allegations of complaints against other persons are relevant to the issue at hand: whether the [a]ppellant sexually abused the victim.

***Commonwealth v. L.N.***, 787 A.2d 1064, 1069 (Pa.Super.2001).

The PCRA court found:

> The record reflects that Attorney Goodrich did attempt to question J.S. and her mother about the other men by whom we was assaulted around the same time period as her assaults by [Appellant], as well as what she told her guidance counselor in regard to same. (N.T. 2/5/13, pp. 59-60, 74-75; N.T. 2/4/13, pp. 32-33). However, the [c]ourt ruled that any evidence with respect to sexual

- 8 -

assaults by other men was not admissible, as it was not relevant pursuant to **Johnson**, [**supra.**] and **L.N.**, [**supra.**], thereby prohibiting Attorney Goodrich from that line of questioning.  While [Appellant] now contends that Attorney Goodrich was ineffective in failing to preserve and pursue that issue on appeal, such a claim must fail because it has no arguable merit – the ruling prohibiting that line of questioning on the grounds of irrelevance was proper, and Attorney Goodrich would have gained nothing by pursuing an appeal thereof.

PCRA Court Opinion at 5.

Again, the PCRA court's findings are supported by the record and not clearly erroneous.  We agree with the PCRA court's conclusion that the trial court properly excluded evidence of the victim's sexual assaults by other men, and that trial counsel would not have gained favorable results by appealing the evidentiary ruling.  Appellant's claim lacks merit.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/16/2016