J-S08001-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DUSTIN MICHAEL LEESE | |
| Appellant | No. 1109 MDA 2020 |

Appeal from the Judgment of Sentence entered July 20, 2020
In the Court of Common Pleas of York County
Criminal Division at No: CP-67-CR-0002418-2018

BEFORE:  STABILE, J., KUNSELMAN, J., and STEVENS, P.J.E.*

MEMORANDUM BY STABILE, J.:                          **FILED MAY 12, 2021**

Appellant, Dustin Michael Leese, appeals from the judgment of sentence imposed in the Court of Common Pleas of York County on July 20, 2020, following denial of his motion to withdraw the **Alford**[1] plea he entered in relation to a charge of strangulation.  18 Pa.C.S.A. § 2718(a)(1).  Appellant contends the trial court abused its discretion by denying his motion to withdraw the plea, and further contends his trial counsel was ineffective. Following review, we affirm.

As the trial court explained:

On March 8, 2018, Officer Shaun Goodman of the Northeastern Regional Police Department received a call from Lorraine Lewis,

_____

[1] **North Carolina v. Alford**, 400 U.S. 25 (1970).  "[A] person entering an **Alford** plea claims innocence, but consents to the imposition of a prison sentence."  **Commonwealth v. Pasture**, 107 A.3d 21, 23 n. 1 (Pa. 2014).

who reported that her daughter, Kristina Lewis, was choked and raped by her boyfriend. After a video recorded interview with the victim, the details of which are unsettling and not germane to the issues on appeal, Appellant was charged with Strangulation.

Trial Court Opinion ("T.C.O"), 10/23/20, at 1-2 (footnotes omitted).[2]

For reasons not important to the issues before us, the case proceeded slowly, with several continuances granted. The case was finally scheduled for trial on January 13, 2020. Prior to that time, the Commonwealth amended the information, adding charges of rape (forcible compulsion), involuntary deviate sexual intercourse ("IDSI") (forcible compulsion), criminal attempt—IDSI, and sexual assault.[3]

The parties appeared for trial on January 13, 2020. As the trial court explained:

Both parties indicated they were ready to proceed, and prospective jurors were assembled. Prior to voir dire, Appellant entered an ***Alford*** plea to Count 1 – Strangulation. After a written and oral plea colloquy, the court found Appellant's plea to be knowingly and voluntarily entered, and accepted the same. Sentencing was scheduled for March 23, 2020 to allow time for a presentence investigation.

_____

[2] For context, we note that while it appears Appellant and Kristina Lewis were neither married nor living together at the time of the incident, they had two young children together.

[3] 18 Pa.C.S.A. §§ 3121(a)(1); 3123(a)(1); 901(a) and 3123(a)(1); and 3124.1, respectively. Although the docket does not reflect the filing of a motion to amend the information, the record does memorialize the agreement between counsel that the Commonwealth would move to amend the criminal information to add additional charges. Motion for Continuance, 10/30/18, at ¶ 3. A subsequent motion for continuance does list the additional charges. Motion for Continuance, 10/25/19, at ¶ 1.

T.C.O., 10/23/20, at 2 (footnotes omitted).

Sentencing was continued to June 1, 2020, pursuant to a Judicial Emergency stemming from the COVID-19 pandemic. On May 28, Appellant filed a counseled motion to withdraw his **Alford** plea and expressed his interest in proceeding to trial, asserting simply "that he is innocent of all charges [and] that undersigned counsel was ineffective." Motion to Withdraw Plea, 5/28/20, at ¶ 4. The sentencing hearing was continued to June 30, 2020, so the Commonwealth could respond to the motion. On June 29, 2020, Appellant's counsel filed a motion to withdraw as counsel. The court granted counsel's motion and continued the hearing on Appellant's motion to withdraw his plea to July 20, 2020.

At the July 20 hearing, "Appellant stated the alleged events 'didn't happen,' and entering a plea instead of proceeding with the jury trial was Appellant's only option because trial counsel failed to 'bring evidence' and call witnesses." T.C.O., 10/23/20, at 3 (citing Notes of Testimony ("N.T."), 7/20/20). The court denied the motion, noting that Appellant "has not laid out a proper foundation for his motion to withdraw a guilty plea. He simply asserts he is not guilty. Under the rules of criminal procedure, simply asserting that he is not guilty is not sufficient to justify withdrawing [a] guilty plea." N.T., 7/20/20, at 8-9. The court proceeded to sentence Appellant to a term in county prison of one year less one day to two years less two days,

followed by a five-year period of probation, with credit for time served.[4]  The court deferred sentencing so Appellant could apply for work release and continue his efforts to obtain representation through the Public Defender's Office.

On August 18, 2020, Appellant timely filed a counseled notice of appeal. Although the notice purports to appeal the order denying Appellant's motion to withdraw his guilty plea, the appeal is properly taken from his judgment of sentence.  *See Commonwealth v. Dreves*, 839 A.2d 1122, 1125 n.1 (Pa. Super. 2003) (*en banc*).  We have corrected the caption accordingly.

Appellant asks us to consider two issues on appeal:

A. Whether the trial court abused its discretion when it denied [] Appellant's Motion to Withdraw his plea?

B. Whether [] Appellant's trial counsel was ineffective for, among other things, failing to timely file and properly present his Motion to Withdraw his plea and whether this ineffectiveness provides fair and just reasons supporting the Motion to Withdraw the Plea?

Appellant's Brief at 6.

Appellant filed his motion to withdraw his guilty plea prior to sentencing.

"We review a trial court's ruling on a pre-sentence motion to withdraw a guilty plea for an abuse of discretion."  *Commonwealth v. Islas*, 156 A.3d

---

[4] Appellant was free on bond after his arrest.  However, his bond was revoked after he was charged with simple assault and harassment stemming from an incident with one of his children.  He subsequently served approximately four months in prison for which he was given credit at sentencing.

1185, 1187 (Pa. Super. 2017) (citing **Commonwealth v. Elia**, 83 A.3d 254, 261 (Pa. Super. 2013)). A pre-sentence withdrawal of a guilty plea is governed by Pennsylvania Rule of Criminal Procedure 591(A), which provides:

> At any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, or direct, *sua sponte*, the withdrawal of a plea of guilty or nolo contendere and the substitution of a plea of not guilty.

Pa.R.Crim.P. 591(A). "When a trial court comes to a conclusion through the exercise of its discretion, there is a heavy burden on the appellant to show that this discretion has been abused." **Commonwealth v. Norton**, 201 A.3d 112, 120 (Pa. 2019) (brackets omitted) (quoting **Commonwealth v. Eichinger**, 915 A.2d 1122, 1140 (Pa. 2007)). "An abuse of discretion will not be found based on a mere error of judgment, but rather exists where the trial court has reached a conclusion which overrides or misapplies the law, or where the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will." **Norton**, 201 A.3d at 120 (brackets omitted) (quoting **Eichinger**, 915 A.2d at 1140). Absent an abuse of that discretion, an appellate court should not disturb a trial court's ruling. **Id.**

The official comment to Rule 591 provides that, "after the attorney for the Commonwealth has had an opportunity to respond, a request to withdraw a plea made before sentencing should be liberally allowed." **Id.** at 126 (quoting Pa.R.Crim.P. 591(A), cmt.). However, a defendant does not have an absolute right to withdraw a plea. As our Supreme Court clarified in **Commonwealth v. Carrasquillo**, 115 A.3d 1284 (Pa. 2015), "a bare

- 5 -

assertion of innocence is not, in and of itself, a sufficient reason to require a court to grant" a pre-sentence motion to withdraw. ***Id.*** at 1285.

In ***Norton***, the Court recognized that the "***Carrasquillo*** Court overruled a relatively long line of precedent which, understandably but mistakenly, required trial courts to grant presentence motions to withdraw guilty pleas based upon defendants' bare assertions of innocence," holding instead that "when a defendant files a presentence motion to withdraw a guilty plea based upon a claim of innocence, the 'innocence claim must be at least plausible to demonstrate, in and of itself, a fair and just reason for presentence withdrawal of a plea.'" ***Norton***, 201 A.3d at 120 (quoting ***Carrasquillo***, 115 A.3d at 1292). "[T]he proper inquiry on consideration of such a withdrawal motion is whether the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice." ***Id.*** at 120-21 (quoting ***Carrasquillo***, 115 A.3d at 1292). While the ***Carrasquillo*** Court recognized that the "policy of liberality remains extant," that policy "has its limits, consistent with the affordance of a degree of discretion to the common pleas courts." ***Id.*** at 121 (quoting ***Carrasquillo***, 115 A.3d at 1292). "Thus, the ***Carrasquillo*** Court clearly established that trial courts have the discretion to assess the plausibility of claims of innocence." ***Id.***

When considering the motion to withdraw a guilty plea, "both the timing and the nature of the innocence claim, along with the relationship of that claim

to the strength of the government's evidence, are relevant." ***Id.*** As the Supreme Court noted in ***Carrasquillo***, if the defendant provides a fair and just reason for wishing to withdraw his or her plea, the trial court should grant it unless it would substantially prejudice the Commonwealth. ***Carrasquillo***, 115 A.3d at 1287. "'[P]rejudice,' in the withdrawal of a guilty plea context, requires a showing that due to events occurring after the plea was entered, the Commonwealth is placed in a worse position than it would have been had trial taken place as scheduled." ***Commonwealth v. Blango***, 150 A.3d 45, 51 (Pa. Super. 2016) (citation omitted). Importantly, the defendant may not directly contradict statements made under oath at the time of the plea, such as that he was entering into the plea voluntarily. ***See, e.g., Commonwealth v. Pier***, 182 A.3d 476, 480 (Pa. Super. 2018).

As we review the trial court's exercise of discretion in the instant case, we are cognizant that the trial court's findings of fact and credibility determinations are binding on this Court, if they find support in the record. ***See Commonwealth v. Myers***, 722 A.2d 649, 652 (Pa. 1998). And, again, when a trial court exercises its discretion in denying a presentence motion to withdraw a guilty plea, an appellant bears "a heavy burden . . . to show that this discretion has been abused." ***Norton***, 201 A.3d at 120 (citation omitted).

It is important to keep in mind that Appellant is not seeking to withdraw a "typical" guilty plea. Rather he seeks to withdraw an ***Alford*** plea. As our Supreme Court noted in ***Pasture***:

- 7 -

In **Alford**, the U.S. Supreme Court explained that most guilty pleas consist of an express admission of guilt and the plea of *nolo contendere* is regarded as a tacit admission of guilt. When a criminal defendant is unable or unwilling to admit to participating in acts constituting a crime, but the record contains strong evidence of guilt, the defendant may conclude that a guilty plea is in his or her best interests. **Alford**, 400 U.S. at 37, 91 S.Ct. at 167. Thus, a person entering an **Alford** plea claims innocence, but consents to the imposition of a prison sentence.

**Pasture**, 107 A.3d at 23 n. 1. As this Court observed in **Commonwealth v. Snavely**, 982 A.2d 1244 (Pa. Super. 2009):

An **Alford** plea is a *nolo contendere* plea in which the defendant does not admit guilt but waives trial and voluntarily, knowingly and understandingly consents to the imposition of punishment by the trial court. [**Alford**, 400 U.S.] at 37. Provided the record reflects a factual basis for guilt, the trial court may accept the plea notwithstanding the defendant's protestation of innocence. **Id.** Typically, as in the present case, a defendant is exchanging his plea for a reduced sentence or reduced charges.

**Id.** at 1244 n. 1 (citation omitted).

In his motion to withdraw, Appellant simply asserts "that he is innocent of all charges." Motion to Withdraw Plea, 5/28/20, at ¶ 4. That is no different from the stance he took on January 13, 2020, when he accepted an **Alford** plea rather than proceed with his trial. Facing possible consecutive sentences totaling "more than 10 to 20 years," in the trial court's estimation, **see** N.T., 1/13/20, at 2, he entered his **Alford** plea, agreeing with the trial court's assessment that "while you're not admitting guilt[], you're agreeing that you got a good offer and that offer is enough to allow you to enter this plea[.]" **Id.** at 4-5. Appellant has failed to make—as required under **Norton**—any "colorable demonstration, under the circumstances, such that permitting

withdrawal of the plea would promote fairness and justice." **Norton**, 201 A.3d

at 120-21.

The trial court also properly considered the potential prejudice to the

Commonwealth that would result if Appellant were permitted to withdraw his

plea. The trial court determined:

> Per the Commonwealth's Response to Defendant's Motion to
> Withdraw Guilty Plea, the victim was ready and willing to proceed,
> and available and on call to testify in Appellant's jury trial. After
> Appellant's request to withdraw his plea, the victim became
> unwilling to cooperate further and informed the Commonwealth
> she felt the process was taking too long and family members were
> pressuring her to not move forward any further. For those
> reasons, the Commonwealth stated that a withdrawal of
> Appellant's plea would cause a substantial hardship to the
> Commonwealth.

T.C.O., 10/23/20, at 10.

Based on our review of the record, we discern no abuse of discretion on

the part of the trial court in denying Appellant's motion to withdraw his **Alford**

plea. Therefore, Appellant's first issue fails.

Appellant next argues trial counsel ineffectiveness. As the trial court

recognized, in **Commonwealth v. Grant**, 813 A.2d 726, 738 (Pa. 2002), our

Supreme Court "adopted a general rule that claims of ineffectiveness should

not be considered on direct appeal, but rather should be deferred to collateral

proceedings." T.C.O., 10/23/20, at 13 (citing **Grant**, 813 A.2d at 738). While

the Supreme Court has since recognized certain exceptions to the general

rule, no exception applies in the instant case. To his credit, Appellant does

not attempt to assert any exception and "does not necessarily disagree" with

the trial court's conclusion that any ineffectiveness argument is premature. Appellant's Brief at 37. Instead, Appellant has presented an ineffectiveness argument and asks this Court "to view these claims as support for his contention that he offered fair and just reasons to withdraw his plea." ***Id.*** Recognizing that Appellant sought to withdraw his plea on the bare assertion he was innocent of all charges, we decline to view his premature ineffectiveness claims in that light.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/12/2021