**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID ALONZO DESOUSA | : | |
| | : | |
| Appellant | : | No. 910 MDA 2023 |

Appeal from the Judgment of Sentence Entered September 30, 2021
In the Court of Common Pleas of Centre County Criminal Division at
No(s): CP-14-CR-0000888-2020

BEFORE:   STABILE, J., SULLIVAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:        **FILED: MARCH 22, 2024**

Appellant, David Alonzo Desousa, appeals *nunc pro tunc* from the judgment of sentence entered in the Court of Common Pleas of Centre County following his open guilty plea to the charge of possession with the intent to deliver a controlled substance ("PWID"), 35 P.S. § 780-113(a)(30).[1]  After a careful review, we affirm.

The relevant facts and procedural history are as follows: On September 9, 2020, the Commonwealth filed an Information charging Appellant with numerous drug offenses, and on August 4, 2021, Appellant, who was represented by counsel, proceeded to a guilty plea hearing.

---

[*] Former Justice specially assigned to the Superior Court.

[1] As discussed *infra*, Appellant's direct appeal rights were reinstated via the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.

At the hearing, the Assistant District Attorney ("ADA") advised the trial court of the following:

[T]he facts of this case would be that on July 1st of 2020 [Appellant] was here in Centre County. He had a probation warrant at that time. He was detained by Centre County Drug Task Force Detectives Chris Federinko and Donald Paul and was found to be in possession of a number of controlled substances, including fentanyl, methamphetamine, acetaminophen, hydrocodone. The information does also include heroin but ultimately that did test as being fentanyl.

The amount involved is either over or under one gram of fentanyl….[T]hat is to be decided by Your Honor at the time of the sentencing but in any event he did possess those substances with the intent to deliver them.

N.T., 8/4/21, at 7.

The Commonwealth noted that it agreed to *nol pros* numerous charges in exchange for Appellant pleading guilty to one count of PWID. The ADA relevantly indicated:

[T]he lead count, [to which Appellant is pleading guilty], is possession with intent to deliver a number of substances, including fentanyl, methamphetamine, and a prescription pill…; however, the OGS[2] for that offense is very much set then by the fentanyl which is the highest graded substance there.

There has been some dispute throughout the course of us negotiating [t]his case over the quantity of that substance involved in this case. There is a lab report that puts the quantity of that substance very near to one gram. We have decided that will be for Your Honor to decide at the time of sentencing whether this case was more than one gram of fentanyl or less than one gram of fentanyl and that will largely determine the outcome penalty wise for this case, Your Honor.

He has a prior record score of 5. If the fentanyl is more than one gram, it's an OGS 10 offense with a standard range of

_____

2 We recognize "OGS" stands for "offense gravity score."

60 to 72 months.  If it is under one gram of fentanyl, it is an OGS 8 offense with a standard range of 27 to 33 months.

*Id.* at 4 (footnote added).

The ADA informed the trial court that, as part of the plea agreement, if the trial court determines the fentanyl is more than one gram, the Commonwealth "would be arguing within the narrow band of…4 to 8 years versus 5 to 10 years;" however, sentencing would be within the trial court's discretion.  *Id.* at 5.

The trial court conducted a colloquy to ensure Appellant's guilty plea was knowingly, voluntarily, and intelligently entered.  *Id.* at 9-11.  The trial court then deferred sentencing so that it could obtain a pre-sentence investigation report.

On September 28, 2021, and September 30, 2021, Appellant proceeded to sentencing hearings.  The trial court noted that, pursuant to the parties' plea agreement, it had the discretion to determine whether the weight of the fentanyl was over or under one gram, which in turn would determine the proper offense gravity score. N.T., 9/30/21, at 19.  The trial court also noted that, pursuant to the parties' plea agreement, the trial court had discretion in considering the sentencing guidelines based on the applicable offense gravity score.  *Id.* at 17.

While Appellant argued throughout the sentencing proceedings that the weight of the fentanyl was less than one gram, the Commonwealth argued the fentanyl weighed more than one gram.  The trial court found that, based

- 3 -

on the evidence presented during the sentencing hearings, the Commonwealth proved, by a preponderance of the evidence, that the weight of the fentanyl possessed by Appellant with the intent to distribute was "in excess of 1.0 grams." *Id.* at 25. Accordingly, the trial court found the offense gravity score to be 10, and applying the sentencing guidelines, the trial court sentenced Appellant to four years to ten years in prison with credit for time served. The trial court noted that, in imposing sentence, it considered the "protection of the public, the gravity of the offense,…and the rehabilitative needs of [Appellant]." *Id.* at 40. The trial court noted it spent a great deal of time reviewing the case, including the pre-sentence investigation report, prior to imposing the sentence. *Id.* at 40-41. The trial court then provided Appellant with his post-sentence and appellate rights. *Id.* at 42.

Thereafter, Appellant filed neither timely post-sentence motions nor a direct appeal to this Court; however, on August 30, 2022, Appellant filed a timely, *pro se* PCRA petition seeking the restoration of his direct appeal rights *nunc pro tunc* due to the ineffective assistance of counsel. Specifically, Appellant averred he asked trial counsel to file a direct appeal; however, trial counsel failed to do so. The PCRA court appointed new counsel to assist Appellant, and following evidentiary hearings on April 27, 2023, and May 26, 2023, the PCRA court granted Appellant's PCRA petition to reinstate his direct appeal rights. On June 23, 2023, Appellant filed a timely, counseled notice of appeal, and all Pa.R.A.P. 1925 requirements have been met.

On appeal, Appellant sets forth the following issue in his "Statement of the Question Involved" (verbatim):

> I.    Did the lower court err in finding that the Commonwealth had proven by a preponderance of the evidence that the weight of the drug alleged to be possessed by Appellant was in excess of 1.0 gram and in sentencing Appellant in accordance with that finding?

Appellant's Brief at 4 (answer omitted).

On appeal, Appellant contends the trial court abused its discretion in determining the weight of the fentanyl possessed by Appellant was more than one gram, which in turn led the trial court to abuse its discretion in utilizing an incorrect offense gravity score. Specifically, Appellant contends there was no evidence that the weight of 1.203 grams, to which the Commonwealth's expert, Dana Blake, testified, did not include the packaging of the fentanyl. As a result, Appellant contends the trial court's sentence was unduly excessive, and he seeks resentencing with a lower offense gravity score.

Initially, we note:

> [W]hile a guilty plea which includes sentence negotiation ordinarily precludes a defendant from contesting the validity of his…sentence other than to argue that the sentence is illegal or that the sentencing court did not have jurisdiction, open plea agreements are an exception in which a defendant will not be precluded from appealing the discretionary aspects of the sentence.

*Commonwealth v. Tirado*, 870 A.2d 362, 365 n.5 (Pa.Super. 2005) (emphasis omitted). "An 'open' plea agreement is one in which there is no negotiated sentence." *Id.* at 363 n.1. Here, Appellant's guilty plea was open

with the parties agreeing that the trial court had the discretion to determine the weight of the fentanyl possessed with the intent to distribute by Appellant, which in turn would determine the applicable offense gravity score and sentencing guidelines.

It is well-settled that a claim the sentencing court used an incorrect offense gravity score is a challenge to the discretionary aspects of one's sentence.[3]  **See Commonwealth v. Williams**, 151 A.3d 621 (Pa.Super. 2016); **Commonwealth v. Lamonda**, 52 A.3d 365 (Pa.Super. 2012) (*en banc*).

"[C]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." **Commonwealth v. Derry**, 150 A.3d 987, 991 (Pa.Super. 2016) (citation omitted). Rather, before reaching the merits of such claims, we must determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved his issues; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether

---

[3] PWID is an ungraded felony, and sentencing is based, in part, on the amount of fentanyl possessed.  **See** 240 Pa. Code § 303.15.  The more fentanyl possessed with the intent to deliver, the higher the possible sentence.  **See id.**  This fact is reflected in the sentencing guidelines, specifically in the offense gravity score.  The offense gravity score for PWID of less than one gram of fentanyl is 8 with a standard range minimum of 27 to 33 months while the offense gravity score for PWID of more than one gram of fentanyl is 10 with a standard range minimum of 60 to 72 months.  This sentencing scheme is the recommendation of the sentencing guidelines and does not reflect a mandatory minimum sentence.

the concise statement raises a substantial question that the sentence is inappropriate under the sentencing code.

***Commonwealth v. Corley***, 31 A.3d 293, 296 (Pa.Super. 2011) (citation omitted). Here, assuming, *arguendo*, all of these requirements have been met, we conclude Appellant's sentencing issue is meritless.[4]

Our standard of review concerning the discretionary aspects of sentencing is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Hyland***, 875 A.2d 1175, 1184 (Pa.Super. 2005).

To establish the weight of the fentanyl, the Commonwealth offered the testimony of Dana Blake, a forensic scientist employed by the Pennsylvania State Police in the Harrisburg Regional Crime Laboratory. N.T., 9/28/21, at 18. Ms. Blake specifically testified she is a "head scientist" and has "worked

---

[4] Although Appellant did not file a post-sentence motion, we note the sentencing transcripts reveal Appellant argued in favor of the fentanyl weighing less than one gram, and throughout the sentencing proceedings, he continued to object to the trial court using an offense gravity score of 10. Further, Appellant's counsel asked the trial court to preserve for appeal Appellant's challenges to the weight of the fentanyl, and, in response, the Commonwealth indicated Ms. Blake's testimony established the weight of the fentanyl. N.T., 9/30/21, at 23-25.

for the state police for about 13 years." *Id.* at 20-21. Ms. Blake confirmed she weighed and analyzed the fentanyl in the instant matter. *Id.* at 21-24.

Contrary to Appellant's assertion, Ms. Blake specifically testified the fentanyl powder had "a net weight of 1.2 grams plus or minus 0.2 grams." *Id.* at 24. She also specifically testified as follows on direct examination by the ADA regarding the weight of the fentanyl minus the packaging:

> Q: All right. Could you please go through again your analysis then of how you would weigh the controlled substance relating to [your] conclusion?
>
> A.    Yes, so in concluding one the item one 72 white paper packets with a handicap stamp contained powder. I took those 72 paper packets containing the powder and I weighed all 72 on the balance. The figure that I looked at in my notes was 12.8 something grams for the gross weight. The total gross weight of the 72 packets then I emptied 24 of those packets due to the statistical sampling and mentioned in conclusion one. I—emptied 24 of those packets. I took the empty weight of those 24 packets and got three point something.
>
> ***
>
> Yes, so I emptied 24 packets. I took the empty packets and weighed the empty packets and got 3.88 grams. I then did a calculation to get the extrapolated net weight of the substance, which is the 3.888 grams the empty weight of the packet divided by the 24 empty packets to get the average weight of an empty pack—of a single empty packet. I then multiplied that weight by 72 which was the total amount of packets present to get an average empty weight of the whole 72 packets. I then subtracted that number from the gross weight which I explained to before was 12.867 grams and subtracted to get 1.203 grams.
>
> Q. All right. So, if I am understanding this correctly, and I hope you're following Judge. There are only two components that go into the total weight; right? It's the packaging and the controlled substance; correct?
>
> A. Into the gross weight?
>
> Q. Correct.

A. Yes.

Q. And if you can subtract the weight of all the packaging from it you know what the weight of your controlled substance is.

A. That's correct.

Q. And you found out the average empty weight of one packet based on reviewing 24 packets, and then applied that to the entire 72 subtracted that to your overall weight.

A. That's correct, yes.

Q. And that gives you the weight of just the controlled substance plus the packaging.

A. Yes.

Q. And that was the 1.203 grams?

A. Yes.

*Id.* at 28-29, 31-33.

Here, the trial court was free to believe Ms. Blake's testimony. **See Commonwealth v. Myers**, 554 Pa 569, 722 A.2d 649 (1998) (holding the appellate court will accept the factual findings of the sentencing court unless they are clearly erroneous). Given Ms. Blake's testimony established Appellant possessed more than one gram of fentanyl, absent the packaging, the trial court properly determined the offense gravity score was 10. Accordingly, the trial court properly sentenced Appellant under the applicable sentencing guideline ranges. Thus, we find no merit to Appellant's discretionary aspect of sentencing claim.

For all of the foregoing reasons, we affirm.

Affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/22/2024