J-S27032-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DARREL HENTZ | : | |
| | : | |
| Appellant | : | No. 2542 EDA 2023 |

Appeal from the PCRA Order Entered September 13, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0002401-2020

BEFORE: LAZARUS, P.J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED DECEMBER 4, 2024**

Appellant, Darrel Hentz, appeals from the order entered in the Philadelphia Court of Common Pleas on September 13, 2023, denying his petition for relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, after a hearing. Appellant's counsel (Counsel) has petitioned to withdraw from representation pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). We grant Counsel's petition to withdraw and affirm the PCRA court's order.

The relevant facts and procedural history are as follows: On March 15, 2020, Appellant was arrested and charged with murder and related offenses.

---

[*] Former Justice specially assigned to the Superior Court.

On April 21, 2022, Appellant pled guilty to the following facts, as recited by the Commonwealth on the record during the colloquy:

[On] March 15th, 2020, at approximately 1:57 a.m., at the location of 3835 Hamilton Street in Philadelphia. . . . Appellant followed the victim, the decedent, Henry Peterson, from a bar named Level 38. [The decedent] was unaware [Appellant] was following him. He was walking with a friend, who would be the complainant on the second matter . . . [Jasmin Felder.] He was going to drive Ms. Felder home.

[The decedent] and Ms. Felder got into [the decedent's] car. Video footage would show that [Appellant] followed them from several feet behind, for several blocks. Once they were inside of the car, [Appellant] walked up to [the decedent's] car and fired multiple times at him through the front windows of the car. [The decedent] was shot 5 times in the head, the torso, and in the hand. He was pronounced [dead] at 2:06 a.m. . . . [The decedent] was 26 years old . . . And Ms. Felder was 22.

Ms. Felder was shot in the head. She was able to get out of the car and walk onto the street, and some passersby called the police. Ms. Felder currently still has a bullet that is lodged in her head, and she suffers from inner ear issues and other complications.

Officers in the area heard the gunshots near that bar, Level 38. One of the officers saw [Appellant] running from the location. An additional officer saw [Appellant] in the street kind of ducking, and [Appellant] began to run away from him. Later in that area, a civilian, a neighbor who lives in the area, noticed that there was a firearm on the street. He alerted the police.

Officers recovered that firearm. The firearm was a ballistic match to the murder weapon, and the weapon that assaulted or that struck Ms. Felder. [Appellant's] DNA was present on that firearm. Also recovered was a hoodie or a sweatshirt. On that sweatshirt there was a DNA match to [Appellant], as well as gunshot residue on the left sleeve of that sweatshirt.

N.T., 4/21/2022, at 18-21.

Appellant entered a guilty plea to the charges of Third-Degree Murder, Attempted Murder, Possession of Firearms Prohibited, Firearms Not to be Carried Without a License, and Carrying a Firearm in Public in Philadelphia.[1] Sentencing was deferred for completion of pre-sentence investigation and mental health reports. On August 4, 2022, the trial court sentenced Appellant in the aggregate to twenty-six to fifty-two years of imprisonment. Appellant did not file a direct appeal.

On March 27, 2023, Appellant filed a timely, first, *pro se* PCRA petition. The trial court appointed PCRA counsel, and on June 7, 2023, an amended petition was filed. On September 11, 2023, the trial court conducted an evidentiary hearing. At the conclusion of the hearing, the trial court dismissed Appellant's petition, and on September 13, 2023, the trial court issued an order stating the same. Appellant filed a timely notice of appeal on October 1, 2023. Counsel filed a **Turner/Finley** brief in the instant appeal, and Appellant did not file a *pro se* response. This appeal follows.

We first address whether Counsel has satisfied the procedural requirements of **Turner/Finley** in petitioning to withdraw. **Commonwealth v. Knecht**, 219 A.3d 689, 691 (Pa. Super. 2019) ("When presented with a brief pursuant to **Turner/Finley**, we first determine whether the brief meets the procedural requirements of **Turner/Finley**."). This Court has explained:

---

[1] 18 Pa.C.S.A. § 2502(c); 18 Pa.C.S.A. § 6105; 18 Pa.C.S. § 6106; 18 Pa.C.S.A. § 6108.

A ***Turner/Finley*** brief must: (1) detail the nature and extent of counsel's review of the case; (2) list each issue the petitioner wishes to have reviewed; and (3) explain counsel's reasoning for concluding that the petitioner's issues are meritless. Counsel must also send a copy of the brief to the petitioner, along with a copy of the petition to withdraw, and inform the petitioner of the right to proceed *pro se* or to retain new counsel. If the brief meets these requirements, we then conduct an independent review of the petitioner's issues.

***Knecht***, 219 A.3d at 691 (citations omitted).

Here, in his ***Turner/Finley*** brief, Counsel (1) stated he has conducted a conscientious examination of the record, (2) determined there are no non-frivolous arguments to support Appellant's claims, and (3) explained why Appellant's claims lack merit. ***See Turner/Finley*** Brief at 7-14. Additionally, Counsel notified Appellant of Counsel's request to withdraw, advised Appellant of his right to retain new counsel and/or raise any points he might deem worthy of consideration, and furnished Appellant with copies of the petition to withdraw and ***Turner/Finley*** brief. Under these circumstances, we conclude Counsel has substantially complied with the ***Turner/Finley*** requirements. Accordingly, we proceed to independently review the record to decide the merits of Appellant's case.

In his ***Turner/Finley*** brief, Counsel lists one specific issue:

Whether the PCRA Court erred when it dismissed the Petition where the Appellant proved that trial counsel was ineffective for failing to file a requested Post Sentence Motion requesting reconsideration of sentence and/or an appeal?

***Turner/Finley*** Brief at 6.

- 4 -

In reviewing an order denying a PCRA petition, our standard of review is well settled:

> [O]ur standard of review from the denial of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. . . . [W]e apply a *de novo* standard of review to the PCRA court's legal conclusions.

***Commonwealth v. Sandusky***, 203 A.3d 1033, 1043 (Pa. Super. 2019) (citations omitted and formatting altered). We may affirm the PCRA court on any valid grounds. ***See Commonwealth v. Wiley***, 966 A.2d 1153, 1157 (Pa. Super. 2009) (stating this Court "may affirm the decision of the PCRA court if there is any basis on the record to support the PCRA court's action; this is so even if we rely on a different basis in our decision to affirm" (citation omitted and formatting altered)).

Here, Appellant's assertion in his PCRA petition was that his trial counsel was ineffective for failing to appeal his sentence. He claimed that he was unsatisfied with the sentence he received and that he was unaware his trial counsel had not filed an appeal or any motion to have his sentence reconsidered. To establish trial counsel's ineffectiveness, a petitioner must demonstrate: (1) the underlying claim has arguable merit; (2) counsel had no reasonable basis for the course of action or inaction chosen; and (3) counsel's action or inaction prejudiced the petitioner. ***See Strickland v. Washington***, 466 U.S. 668, (1984); ***Commonwealth v. Pierce***, 527 A.2d 973 (Pa. 1987).

The trial court summarized its findings from the September 11, 2023, hearing as follows:

Attorney David S. Nenner, Esq. represented [Appellant] at his guilty plea on April 21, 2022 and his sentencing on August 4, 2022. On the day of his guilty plea, Attorney Nenner reviewed the guilty plea colloquy form with [Appellant], advised him about any attempts to withdraw his guilty plea, and explained his appellate rights. Within ten days of [Appellant's] sentencing, Attorney Nenner was contacted by [Appellant's] relatives, who informed him that [Appellant] wanted to file a direct appeal. N.T. 9/11/2023 at 6-9.

Attorney Nenner then spoke with [Appellant] on the phone within the ten-day period to file post-sentence motions. [Appellant] indicated that he was considering filing an appeal and had several questions about whether he would be guaranteed to receive the same sentence if he was successful in having his plea withdrawn on direct appeal. Attorney Nenner informed him that if his plea was withdrawn or he was successful on appeal, it would return for a trial on Murder Generally, including First-Degree Murder, and he could receive a sentence of life imprisonment without parole. Upon hearing this, [Appellant] informed counsel that he wanted more time to think about it. Attorney Nenner emphasized that he had ten days to file a motion to reconsider and thirty days to file a direct appeal. [Appellant] did not contact him again before the ten-day deadline had passed; therefore, Attorney Nenner did not file a post-sentence motion. N.T. 9/11/2023 at 10-14.

On August 31, 2022, Attorney Nenner received a letter from [Appellant] dated August 17, 2022, inquiring as to the filing of a post-sentence motion. Upon receiving this letter, Attorney Nenner immediately composed a letter to [Appellant] informing him that the time for filing a post-sentence motion had lapsed and that he had not filed a post-sentence motion because he did not hear from [Appellant] before the ten-day deadline following their phone conversation. Attorney Nenner noted that he spoke with [Appellant] on the Friday immediately before the ten-day deadline on Monday and counsel told him that he needed to hear from him before the Monday deadline in order to file a post-sentence motion. He then advised [Appellant] that he could request counsel be appointed to represent him in reinstating his post-sentence rights and reminded him of the thirty-day deadline to file a direct appeal. Attorney Nenner would have filed a post-sentence motion

on [Appellant's] behalf if he had requested him to do so. N.T. 9/11/2023 at 16-21.

While [Appellant] agreed that he contacted Attorney Nenner within the ten-day time period, he asserted that he requested that counsel file a motion for reconsideration at that time. Other than this bare assertion, [Appellant] did not offer any proof that he had requested counsel to file a post-sentence motion at that time. [The PCRA court] did not find him to be credible. N.T. 9/11/2023 at 27.

Tr. Ct. Op. at 3-4.

After our review, we have determined that the trial court's findings are supported by the record. Generally, if there are factual issues to be resolved, the PCRA court should hold an evidentiary hearing. ***Commonwealth v. Grayson***, 212 A.3d 1047, 1054-55 (Pa. Super. 2019) Here, the trial court in its discretion held a hearing to determine if Appellant had requested his attorney file post-sentence motions or an appeal, and if the attorney was ineffective in his failure to do so. The trial court determined that Appellant was apprised of his appellate rights on at least three separate occasions and was informed by the court that he could request to withdraw his plea prior to sentencing. Tr. Ct. Op. at 5-6. He was also told at sentencing that he had ten days to file a motion for reconsideration and thirty days to file an appeal. Tr. Ct. Op. at 6.

The trial court listened to the testimony and placed credibility determinations on the record. ***See*** N.T., 9/11/23, at 27. The trial court credited Attorney Nenner's testimony that he was never directed by Appellant to file an appeal and that Appellant needed time to think after Attorney Nenner

explained the consequences of sentence reconsideration and the appellate process. The trial court was convinced that if Appellant had requested that a post-sentence motion or appeal be filed, Attorney Nenner would have done so. Tr. Ct. Op. at 7.

Counsel further submits in his brief:

It is this counsel's conclusion that the appeal is meritless and/or frivolous because the PCRA Court's decision was based upon her evaluation of credibility and on appeal[,] the reviewing court will defer to the PCRA Court's factual findings and credibility determinations supported by the record[.]

***Turner/Finley*** Brief at 13. We agree. It is well-established that:

Questions of credibility and conflicts in the evidence presented are for the trial court to resolve, not our appellate courts . . . As long as sufficient evidence exists in the record which is adequate to support the finding found by the trial court, as factfinder, [an appellate court is] precluded from overturning that finding and must affirm, thereby paying the proper deference due to the factfinder who heard the witnesses testify and was in the sole position to observe the demeanor of the witnesses and assess their credibility.

***Commonwealth v. Myers***, 722 A.2d 649, 651-52 (Pa. 1998) (citation omitted).

The same standard applies to PCRA hearings and credibility determinations made by a PCRA court at the conclusion of an evidentiary hearing. The PCRA court's credibility determinations, when supported by the record, are binding on an appellate court. ***Commonwealth v. Spotz***, 18 A.3d 244, 259 (Pa. 2011). The PCRA court, as the fact finder at a PCRA hearing, is in the best position to evaluate witness credibility and determine the facts.

*See Commonwealth v. Martin*, 1 A.3d 868, 888 (Pa. 2010) (stating that fact-based findings of a PCRA court, "which hears evidence and passes on credibility of witnesses, should be given great deference, particularly where [. . .] the PCRA court judge also served as the trial court judge."). Accordingly, we cannot substitute our judgment for that of the PCRA court, and we find no abuse of discretion by the trial court. We discern no other issues of merit in our independent review.

For the foregoing reasons, we grant Counsel's application to withdraw and we affirm the order dismissing Appellant's PCRA petition.

Order Affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date:  12/4/2024